## JANVRIN *v.* JANVRIN.

A wife may be entitled to alimony when a divorce is decreed against her, even if not entitled to a divorce against her husband.

An ante-nuptial agreement that she shall have a certain sum after his decease, in lieu of all claim against his estate, is no bar to alimony.

Evidence as to the value of his estate, and the conduct of the parties towards each other, is competent on the question of alimony.

LIBEL FOR DIVORCE, alleging the cause of desertion. The libellee, who was the wife, asked for alimony, and, subject to exception, introduced evidence as to the value of her husband's estate and acts of cruelty, which were the same acts alleged by her in a former petition, which had been denied. There was an ante-nuptial agreement that she should have certain property within three months after his decease, in lieu of all claim against his estate. A divorce was decreed against her, and she was allowed as alimony $1,490, which included the value of the property named in the ante-nuptial agreement, and the probable expense of her support during his life. To this allowance the libellant excepted.

*Hatch*, for the libellant.

*Stickney* and *Wiggin & Fernald*, for the libellee.

BINGHAM, J.　Upon any decree of divorce, the court may order the husband to pay the wife such sum of money as may be deemed just, even when a divorce is decreed against her, and she is not entitled to a divorce against him.　Gen. St., *c.* 163. *s.* 12; *Sheafe* v. *Sheafe*, 24 N. H. 564; *Sheafe* v. *Laighton*, 36 N. H. 240; 2 Bish. Mar. & Div., *s.* 378.

Evidence as to the conduct of the parties toward each other, and the value of the husband's estate, was competent on the question of alimony.　Gen. St., *c.* 163, *s.* 12.　His duty to support her was properly considered in determining the amount of alimony.　2 Bish. Mar. & Div., *s.* 369; *Morrison* v. *Morrison*, 49 N. H. 73.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.