Belknap,
No. 6332.

### Ivy G. Ford *v.* Daniel E. Ford.

July 24, 1972.

*Wadleigh, Starr, Peters, Dunn & Kohls* (*Mr. Philip G. Peters* orally) for the plaintiff.

*Wescott, Millham & Dyer* (*Mr. Harold E. Wescott* orally) for the defendant.

Kenison, C.J. The issue in this case is whether the master has abused his discretion in his award of alimony and support to plaintiff in her uncontested divorce action. Defendant had filed a cross action for divorce which he withdrew before trial, the parties agreeing to try the issues of support and alimony before a Master, *Leonard C. Hardwick,* Esquire.

The master recommended that a divorce be decreed plaintiff on the ground of extreme cruelty, that defendant be ordered to pay $60.00 a week for the support of a minor child born of the marriage, and that he pay all medical expenses of said child. It was also recommended that he be ordered to make a lump-sum payment of $19,000 to plaintiff, to satisfy a $1300.00 obligation secured by a lien on a car in the possession of the plaintiff, and to pay a total of $5,644.00 in outstanding bills which had been accrued

during the period of separation which preceded the divorce action.

Both parties excepted to the recommendations and plaintiff moved for a rehearing on the issue of weekly support to her contending that the failure to make some provision for such support was unfair, unreasonable and contrary to all the evidence. This motion was denied. However, pending final disposition of her appeal to this court, the master recommended that plaintiff be paid a sum for her weekly maintenance in addition to the sum awarded for the support of the minor child; provided however that if the initial recommendation of a lump-sum award be adjudged reasonable, the aggregate sum of payments made on a weekly basis to her should be deducted from said award. Plaintiff again excepted to the master's recommendation and moved to modify the support order relating to her. Both parties moved for a hearing before the superior court prior to acceptance of the master's report. These motions were denied and a decree rendered by the court in accordance with the master's recommendations. The exceptions of both parties were reserved and transferred by *Keller,* C.J.

The parties were married on August 3, 1968, in Laconia, New Hampshire. They have one child, age three, who is in his mother's custody. The marriage was the second for plaintiff, the first ending with the death of her husband, and the third for the defendant, the first two also having ended in divorce. Plaintiff has one child, age eleven, of her first marriage and defendant has three children, ages twenty-three, twenty-six and thirty-three, born of his first marriage.

In the course of her singing career, plaintiff has performed in this country at Carnegie Hall in New York City, has received awards as "Miss Radio Scotland" and the "Golden Voice of Britain" and has done radio and television series work both in this country and in her native Scotland. On August 5, 1968, just two days after the marriage, she returned to Scotland to honor contractual commitments there. On September 16, 1968, she returned to Laconia with her daughter and her mother to live with Mr. Ford. It had been previously understood that plaintiff's mother would become a part of the family unit here in the United States. On October 23,

1968, plaintiff filed an action for divorce against defendant. A divorce on the ground of extreme cruelty was subsequently decreed.

It is settled in this State that a large measure of discretion must reside in the trial court for the equitable and expeditious resolution of support and alimony disputes which arise following the unfortunate breakdown of a marriage. *See Lester v. Lester,* 111 N.H. 117, 119, 277 A.2d 503, 504 (1971). Mindful that we have left it to the trial court to "consider all factors relevant to the decision" of a request for support and alimony and to attribute weight to each, we have not restricted or delimited this discretion when exercised within proper bounds. *Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970).

The evidence discloses that at the time of her marriage to Daniel Ford, plaintiff was consistently earning approximately $300.00 per week from her career as a singer. In addition, she was the recipient of a widow's pension as a result of the death of her first husband which paid her $60.00 per week. This was forfeited upon her marriage to Daniel Ford. Her daughter by her first marriage also lost a special pension paid her for her education by the British Sailor's Society, an organization in which her father was a member. Though the testimony was complicated and conflicting, Daniel Ford's personal and business net worth can fairly be set in excess of one-half million dollars.

Plaintiff contends that this is the exceptional case wherein the trial court has clearly abused its discretion by placing an inordinate emphasis upon the abbreviated duration of the marriage in the determination of its award. She is correct in urging that this is merely one factor among many which should be taken into account. *See* 2 Nelson, Divorce and Annulment *ss.* 14.34, 14.38 (rev. vol. 1961); Annot., 1 A.L.R.3d 123, *s.* 5, at 139 (1965). So long as we can conclude, as we do, that the award reflects consideration of all relevant factors, we cannot say that a different quantum of significance should attach to any one of them in this case. While the writer of this opinion considers the award paltry and penurious, the majority of the court, while considering the award ungenerous, is of the opinion that it was not an abuse of discretion

and was warranted by the record.

We also cannot agree with the role plaintiff assigns to the antenuptial agreement drawn by defendant and executed by the parties prior to their marriage which purported to provide for "testamentary or intestacy disposition of all property now owned or hereafter acquired by each of them." In accordance with the terms of the agreement, each party was to hold his or her property free from any claim of the other which would arise as a result of their contemplated marriage. In consideration for her acquiescence, defendant agreed to pay in monthly installments the balance of a mortgage on plaintiff's home in Scotland. It is here contended that by the award of $19,000 to plaintiff, the trial court has found that the agreement was, as a matter of law, fraudulent, null and void and that such finding, being indicative of the nature of defendant's dealings with plaintiff, would justify the award of additional alimony and support to her. But the agreement in question did not purport to affect any alimony award or property settlement which might result should the marriage relationship be terminated other than by the death of one of the parties. 2 Lindey, Separation Agreements and Ante-Nuptial Contracts 90-26, -27 (rev. ed. 1964). The agreement as drawn, whatever its validity had circumstances combined to warrant its application, did not bar a lump-sum alimony award. *See Janvrin* v. *Janvrin,* 59 N.H. 23 (1879); *Morrison* v. *Morrison,* 49 N.H. 69 (1869).

The decree recommended by the master and approved by the trial court is affirmed and the order is

*Exceptions overruled.*

All concurred.