Strafford
No. 6750

THERESA C. WEIK

v.

DONALD R. WEIK

April 30, 1974

*Fisher, Parsons, Moran & Temple* and *Harold D. Moran (Mr. Moran* orally) for the plaintiff.

*James Koromilas,* by brief and orally, for the defendant.

GRIFFITH, J. Decree of legal separation to the plaintiff on grounds of irremediable breakdown of the marriage. The defendant appeals from the decree of property settlement and the order of support. Defendant's exceptions were reserved and transferred by the Trial Court (*Mullavey,* J.)

Defendant is an airline copilot with TWA with a take-

home pay of approximately $1850 per month at the time of the hearing. The parties had been married eighteen years and have three children who were thirteen, fourteen and seventeen at the time of the hearing. They owned a home, a 1970 Buick, a pickup truck, a fifteen-acre tract of land, $1800 in mutual funds, and certain personal property. Custody of the minor children was awarded to the plaintiff without objection from the defendant.

The trial court awarded the family home to the plaintiff subject to encumbrances of approximately $33,000, the 1970 Buick subject to a loan of $1200, certain personal property, and one-half the mutual funds. The defendant was awarded the pickup truck, one-half the mutual funds, certain personal property, and the fifteen-acre tract of land subject to payment to the plaintiff of $500.

The defendant argues that in a separation on the grounds of irreconcilable differences, the assets of the parties should be divided equally. While the trial court specifically stated that it would not consider fault a factor in its decision, it was not thereby bound to any such automatic mathematical division. The defendant received a tract of land he valued at $5,000 upon payment of $500, and the plaintiff received the family home with an equity estimated at approximately $20,000. We find no abuse of discretion in this property division and we continue to refuse to limit the trial court's discretion with absolute formulas for division of property. *Ford v. Ford,* 112 N.H. 270, 293 A.2d 605 (1972); *Comer v. Comer,* 110 N.H. 505, 272 A.2d 586 (1970). Relevant factors which the court could properly consider support the award of the family home to the plaintiff. We find no merit in the suggestion that the home should be sold and the equity divided equally where the wife has the responsibility of providing a home for the children of the parties. If as the defendant argues the home is too expensive for her to maintain then she will require the equity she may obtain from a sale to establish a new home for herself and the three children.

Defendant argues that the support order of $75 per week for each child and $75 alimony for the plaintiff considering his take-home pay of $430 per week was an

abuse of discretion. The argument that plaintiff should seek employment could properly be rejected by the trial court in view of the demands of three teenage children. Defendant testified at the hearing that if he so elected, he could take a captain's job which would increase his earnings $800 per month. This evidence justified the support order made by the court at the time of the hearing and if subsequent developments indicate it is excessive, the order is open to reconsideration. *Comer v. Comer,* 110 N.H. 505, 272 A.2d 586 (1970); *Labrie v. Labrie,* 113 N.H. 255, 305 A.2d 687 (1973).

*Exceptions overruled; remanded.*

All concurred.