Coos
No. 6792

JOY I. KENT v. ROBERT L. KENT

May 31, 1974

*Bergeron & Hanson (Mr. Arnold P. Hanson* orally) for the plaintiff.

*Hinkley & Donovan (Mr. Paul F. Donovan* orally) for the defendant.

KENISON, C.J.  The question to be decided in this case is whether the trial court's division of the marital property between the parties upon decreeing a divorce amounted to an abuse of discretion. The plaintiff filed a libel for divorce on the ground of irremediable breakdown of the marriage. RSA 458:7-a (Supp. 1973). After a trial before *Mullavey,* J., a divorce decree was issued to the plaintiff which awarded certain items of personal and real property to her. The defendant moved that the decree be set aside as excessive and contrary to the testimony brought out in trial. The court denied this motion and reserved and transferred the defendant's exception thereto.

We have reviewed the record and are convinced that the trial court did not abuse its discretion in dividing the marital property. The defendant's primary objection focuses on the award to the plaintiff of two parcels of land and the buildings thereon located on Jimtown Road in Gorham, New Hampshire. This property belonged to the defendant prior to his marriage to the plaintiff and is valued at approximately $24,000. The defendant contends that the value of other personal property awarded to the plaintiff adequately compensates her for the maximum amount that she claims that she lost as a result of the marriage, and that under these circumstances the award of the Jimtown Road property is clearly excessive.

We are not persuaded by this argument because although the plaintiff did not specifically claim as a loss the income she contributed to the marriage, there was testimony that she expended her entire salary and various other incomes for the purpose of supporting the defend-

ant (who was unemployed for a considerable period), his family and certain joint enterprises. The record reveals that when the defendant was employed and receiving a much larger salary than the plaintiff, he contributed only miniscule amounts to the marriage. We believe that the court could have properly taken these facts into account in making its decree and find no difficulty in sustaining its order because the incomes contributed by the plaintiff greatly exceed the value of the Jimtown Road property. *See Weik v. Weik,* 114 N.H. 287, 319 A.2d 295 (1974); *Ford v. Ford,* 112 N.H. 270, 272, 293 A.2d 605, 606-07 (1972); H. Clark, Jr., The Law of Domestic Relations § 14.8 (1968).

The defendant has also objected to the decree as being too indefinite to render orderly compliance. Although the defendant should have requested a clarification from the trial court if he had difficulty interpreting its provisions, we are of the opinion that this claim is without merit.

The decree clearly requires the defendant to transfer title to the Jimtown Road property owned by him prior to his marriage, but permits him to retain title to the Jimtown Road property known as the "Pellerin tract" which he purchased during the marriage. The decree also orders the defendant to transfer title to the 1972 Ford Station Wagon to the plaintiff and implies that the defendant is to discharge the outstanding debt on the vehicle. The temporary orders issued prior to the decree contained a provision to this effect, and there is no evidence that the trial court intended to alter this arrangement. *See* RSA 458:16 (Supp. 1973); 2 A. Lindley, Separation Agreements and Ante-Nuptial Contract § 31.9 (1937, Supp. 1973). Since the final order specifically stated that the transfer of the Jimtown Road property to the plaintiff was subject to encumbrances, the absence of a like provision in reference to the automobile is strong evidence of the court's intent to the contrary. The decree further obligates the defendant to discharge the debt on his 1971 Dodge secured by a lien on the plaintiff's savings account in the Gorham Savings Bank so as to save her account harmless from that debt. Although the defendant argues that this order "makes little, if any, sense," the record contains testimony and doc-

uments which demonstrate that the savings account was pledged as collateral for the car loan. Accordingly, we hold that the terms of the decree are definite and enforceable.

*Defendant's exception overruled.*

All concurred.