Rockingham
No. 79-004

PAULINE M. GOUDREAULT

v.

RUDOLPH A. GOUDREAULT

March 5, 1980

*Dalton, Dalton & Bryden,* of Andover, Massachusetts (*Charles F. Dalton, Jr.,* orally), for the plaintiff.

*Shute, Engel & Frasier P.A.,* of Exeter (*Francis J. Frasier* orally), for the defendant.

### MEMORANDUM OPINION

The Superior Court (*Contas,* J.) transferred the question of reasonableness of a divorce decree. The defendant objects to the division of property and provisions for support and maintenance recommended by the Master (*Nicholas G. Copadis,* Esq.) and approved by *Mullavey,* J.

Matters of property division and alimony are for the trial court to determine in the exercise of its sound discretion. "Appeals to this court will not be successful absent a showing that there has been an abuse of discretion." (Citations omitted.) *Symmes v. Symmes,* 118 N.H. 488, 490, 387 A.2d 1181, 1182 (1978); *Thayer v. Thayer,* 119 N.H. 871, 409 A.2d 1326 (1979); *Paine v. Paine,* 119 N.H. 874, 409 A.2d 790 (1979). A review of the record, exhibits and the substantial transcript of testimony fails to demonstrate an abuse of discretion.

The defendant argues that the decree should be modified because of his recent inability to perform due to his poor financial situation and ill health. Both alleged conditions developed subsequent

to the hearings below and were never before the trial court. We suggest that if there is "[a]ny remedy that is available [it] is in the superior court, not here." *Mayo v. Mayo*, 119 N.H. 697, 699, 406 A.2d 719, 720 (1979). *But see, Douglas v. Douglas*, 109 N.H. 11, 242 A.2d 78 (1968).

*Exceptions overruled.*