Merrimack
No. 79-298

JOY M. BUCKNER

v.

GEORGE D. BUCKNER, SR.

June 12, 1980

*Branch & Tobin,* of Concord (*Robert D. Branch* orally), for the plaintiff.

*Gallagher, Callahan & Gartrell,* of Concord (*Michael R. Callahan* orally), for the defendant.

GRIMES, C.J. In this divorce case, the issues are whether the award of alimony to the defendant was beyond the authority of the court and whether the court abused its discretion in the distribution of the assets of the parties. We answer both in the negative.

The parties were married in 1969. Each had a child by a former marriage. After the wedding, the plaintiff adopted the defendant's son. In June 1978, the plaintiff filed a libel for divorce on the ground of irreconcilable differences. The defendant filed an answer and cross petition in which he requested support. A hearing was held before a Marital Master (*Linda S. Dalianis,* Esq.), who recommended that the plaintiff be designated the sole owner of all her sole and joint asssets except certain specified property which was awarded to the defendant. The property awarded to the husband included a Florida condominium, a shopping center, other real property located in George's Mills, New Hampshire and an "inventory" of jewels in the plaintiff's possession that she had removed from the defendant's safe. The master also recommended that the plaintiff pay the defendant $2,000 per month for the support of the defendant and the minor child. A decree was entered in accordance with these recommendations by *Souter,* J.

The plaintiff's first claim is that the court had no authority to award alimony to a defendant husband. She argues that the power of the court in divorce proceedings is wholly statutory and that the statute makes no provision for alimony per se to be

awarded to the husband. *See Hartnett v. Hartnett,* 93 N.H. 406, 43 A.2d 153 (1945). She points out that although RSA 458:22 authorizes a decree awarding a husband "part of the estate of the wife in the nature of alimony as justice may require," it does not, as does RSA 458:19, authorize an order to "pay such sum of money, as may be deemed just . . ." as alimony. She therefore argues that the court is not empowered to make such an order. We are unpersuaded by this argument. *Hartnett v. Hartnett supra* related only to temporary allowances. The statute there construed has since been amended to provide equal treatment as to temporary orders. RSA 458:16 (Supp. 1979). Moreover, *Hartnett* was decided at a time when the doctrine of equal protection based on gender had not advanced to the stage it occupies today. The United States Supreme Court has determined that it is a denial of equal protection for a statute to authorize alimony for a wife but not for a husband. *Orr v. Orr,* 440 U.S. 268 (1979). If the statutes of this State should be construed to treat husbands less favorably than wives, they would be invalid under the Constitution of the United States. Furthermore, N.H. Const. pt. 1, art. 2 would prohibit discrimination on account of sex.

██ RSA 458:22 expressly authorizes the court to give part of the wife's estate to the husband "in the nature of alimony, as justice may require." Statutes should be judicially construed so as to avoid unconstitutionality. *Grindle v. Miller,* 119 N.H. 214, 217, 400 A.2d 787, 790 (1979); *see State v. Millette,* 112 N.H. 458, 463, 299 A.2d 150, 153 (1972). In our opinion, the language of RSA 458:22 is broad enough to authorize the court to order the wife to pay to the husband "such sum of money, as may be deemed just. . . ." RSA 458:19. Moreover, we believe that it is more in harmony with legislative intent to construe the statute to extend the right to alimony to husbands rather than to deprive all spouses of the benefit. *Cf. State v. Amyot,* 119 N.H. 671, 407 A.2d 812 (1979). We hold, therefore, that the court had power to issue the decree.

██ The plaintiff further argues that the court abused its discretion in awarding defendant such a large part of the plaintiff's property. As we have repeatedly emphasized, discretion of the court in this area is broad and we will not substitute our judgment for that of the master or the trial court. *Azzi v. Azzi,* 118 N.H. 653, 392 A.2d 148 (1978); *Ames v. Ames,* 117 N.H. 554, 374 A.2d 1181 (1977); *Ford v. Ford,* 112 N.H. 270, 293 A.2d 605 (1972). The fact that the plaintiff is wealthy and that valuable properties

are involved does not alter the standard of review.

The evidence supports findings that the defendant has a limited education and had no assets at the time of the marriage except an inventory of jewels. The evidence places a value on the inventory ranging from $50,000 to $650,000. The master, however, made no finding as to its value but denied a request for both the higher and lower values. During the marriage, the defendant built a shopping center, purchased a restaurant and land in George's Mills and other land in Wilmot, all with money furnished by the plaintiff whose income after taxes could be found to be $72,000 per year.

According to the defendant's figures, he received almost 35% of the total real estate owned by the parties. He has the custody of the son, but the court found him not capable of earning his own living and supporting the son.

Considering the plaintiff's sizable estate and income, the standard of living enjoyed by the parties during the marriage and the defendant's condition, we cannot say that the court abused its discretion.

The plaintiff's exceptions to the denial and granting of requests need only scant mention. The court's rulings of law are consistent with our holding; contrary factual findings were not required by the evidence.

*Exceptions overruled.*

All concurred.