Rockingham
No. 81-046

## LINDA G. MACDONALD

v.

## PAUL B. MACDONALD

April 7, 1982

340

*Bossie, Kelly & Hodes P.A.*, of Manchester (*Robert F. Bossie* on the brief and orally), for the plaintiff.

*Karelitz, Cohen & White*, of Haverhill, Massachusetts (*Robert J. White* and *Edward E. Williams* on the brief, and *Mr. Williams* orally), for the defendant.

DOUGLAS, J.   In this marital case the defendant appeals the property settlement recommended by the Master (*Earl J. Dearborn*, Esq.) and approved by the Trial Court (*Mullavey*, J.). He asserts that the master erroneously considered the defendant's pension plan to be property, that he abused his discretion in awarding the parties' home to the plaintiff, and that he erroneously awarded the plaintiff a tax exemption for one of the parties' two children. We affirm in part and reverse in part.

In January 1981, the plaintiff was granted a divorce on the ground of irreconcilable differences. RSA 458:7-a (Supp. 1979). The court awarded her custody of the parties' two minor children, $150 per week in child support payments, and the only real estate the parties owned, their East Derry home. The defendant received all interest in his pension and profit-sharing plan, unencumbered by any interest of the plaintiff.

The master found that the defendant's fully vested pension from Bell Laboratories will entitle him to a pension of between $842 and $1,107 per month upon his retirement between the ages of 55 to 65. The defendant argues that the trial court erred in treating his pension entitlement as property, and that the court divided the parties' assets unfairly as a result of this error.

In allocating property, "the court should consider all relevant factors, . . . and this includes all of the assets and income of

*both* parties, such as wages, *pensions*, bank certificates, etc." *Baker v. Baker*, 120 N.H. 645, 649, 421 A.2d 998, 1001 (1980) (citations omitted and additional emphasis added); *Thayer v. Thayer*, 119 N.H. 871, 872–73, 409 A.2d 1326, 1327 (1979) (contributions to pension and profit-sharing plan are relevant to alimony and child-support award). A retirement pension is to be considered along with any other "economic circumstance" when marital property is divided. *In re Marriage of Ellis*, 36 Colo. App. 234, 238, 538 P.2d 1347, 1350 (1975), *aff'd sub nom. Ellis v. Ellis*, 191 Colo. 317, 318, 552 P.2d 506, 507 (1976). The master did not err in taking the defendant's fully vested pension into consideration.

■ In the future, when pensions are in issue, the parties must provide the master or trial court with more specific information in order to assure that their assets are divided fairly. The affidavit form set out in Superior Court Rule 158 does not require the parties to submit sufficient information, and should address matters such as the following: whether the pension is vested, the amount of its cash surrender value, loan value, redemption value, lump sum value, and value realizable after death, so that it becomes essentially a net worth statement.

■ The defendant asserts that the master's property distribution "was so one-sidedly favorable to the wife as to constitute a clear abuse of . . . discretion." The master's discretion "in this area is broad and we will not substitute our judgment for that of the master or trial court." *Buckner v. Buckner*, 120 N.H. 402, 404, 415 A.2d 871, 873 (1980); *see Goudreault v. Goudreault*, 120 N.H. 140, 140, 412 A.2d 736, 736 (1980).

■■ The rationale behind the master's order is found in one of the plaintiff's requests for findings and rulings, which the court granted in its final decree: "[I]n order to provide the plaintiff with reasonable security for her future, to which she is entitled, and in order to provide a financial balance for defendant's pension and profit sharing assets, the Court finds that justice would be served by awarding the real estate of the parties outright to the plaintiff, subject to the existing mortgage thereon, free of all claims of the defendant." The court's ruling conforms to our mandate that the parties' property is to be distributed equitably, but not necessarily equally. *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979) (quoting *Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978)).

■■ In this case, the plaintiff must provide a home for the

parties' children. We have recognized this as a relevant factor which the court may consider in making an award of the family home. In *Weik v. Weik*, 114 N.H. 287, 288, 319 A.2d 295, 296 (1974), we refused to order the parties' home to be sold and the proceeds divided. We found that the wife has "the responsibility of providing a home for the children of the parties," *id.*, 319 A.2d at 296, and that this supported the award of the family home to her. *Id.*, 319 A.2d at 296. We therefore uphold the court's decision to award the parties' real estate to the plaintiff.

The court decreed that for income tax purposes Linda MacDonald would be treated as if she paid more than half of Marnee's support and Paul MacDonald would be treated as if he paid more than half of Amanda's support. Whoever pays over half of a child's support is entitled to a $1,000 exemption. I.R.C. § 151(e). By treating Linda as if she paid over half of Marnee's support, and by treating Paul as if he paid over half of Amanda's support, the court awarded each party a section 151(e) exemption.

In accordance with I.R.C. § 152(e)(2)(B), the non-custodial parent, Paul, is entitled to a dependency exemption for each child he supports in the amount of $1,200 or more unless the custodial parent, Linda, establishes that she has provided more for the support of such child. This section applies "notwithstanding any provision to the contrary contained in a decree of divorce or separation or in a written agreement . . . ." Treas. Reg. § 1.152-4(d)(3), at 711 (1982).

The divorce decree requires Paul to pay $7,800 per year, or $3,900 per child, in child support. When the divorce hearing was held, Linda was unemployed and did not plan to return to work. She had no weekly income and relied on Paul for support. The record indicates that Paul is entitled to both exemptions because he provides more than $1,200 support annually per child and Linda has not established that she provides more support than Paul. The master erred in awarding an exemption to Linda.

This decision should not be construed to allow Paul to claim the dependency exemptions permanently. While the children remain in Linda's custody, Paul will be entitled to the exemptions under I.R.C. § 152(e)(2)(B) only if he proves that he has provided $1,200 or more per child for each taxable year, and Linda fails to prove that she has provided more support.

*Affirmed in part; reversed in part.*

All concurred.