Rockingham
No. 81-212

THERESA M. HEINZE

v.

PAUL E. HEINZE

April 7, 1982

*Sanders & McDermott P.A.*, of Hampton (*Wilfred L. Sanders, Jr.*, on the brief and orally), for the plaintiff.

*John A. Macoul*, of Salem, and *James C. Hyde* of Lawrence, Massachusetts (*Mr. Macoul* and *Mr. Hyde* on the brief, and *Mr. Macoul* orally), for the defendant.

BATCHELDER, J. The defendant husband appeals the property division and child-support orders issued following the couple's divorce for irreconcilable differences. We affirm in all respects the recommendation of the Master (*Douglas R. Gray*, Esq.), approved by the Trial Court (*Dalianis*, J.).

First, the defendant argues that the support award of $90 per week for the couple's two children, to be reduced to $65 per week when the elder child is no longer dependent, is excessive. The defendant presently earns $275.60 per week. Although the defendant presently takes home only $193.10 per week, we note that he

has claimed only one tax exemption and that the decree, to the extent permitted by federal law, allowed him to claim tax exemptions for both the children. *See MacDonald v. MacDonald*, 122 N.H. 339, 343, 443 A.2d 1017, 1019 (1982). This court will not overturn a support order absent an abuse of discretion below. *See Hanson v. Hanson*, 121 N.H. 719, 720, 433 A.2d 1310, 1311 (1981). On the record before us, including evidence that the plaintiff did not have sufficient income to provide for the support of the children, we cannot find such an abuse. Furthermore, the plaintiff testified that she will pay the college tuition for the children. Accordingly, we affirm the support order.

■■ Next, the defendant argues that the support order improperly orders support payments for the couple's children (at the time of the final hearing, aged nineteen and sixteen) that may extend past the age of majority. We disagree. Ordinarily, support payments may not be ordered for children over eighteen. This court, however, has recognized that support may be awarded for higher education in appropriate circumstances. *See French v. French*, 117 N.H. 696, 699–701, 378 A.2d 1127, 1128–29 (1977); *Payette v. Payette*, 85 N.H. 297, 298, 157 A. 531, 531–32 (1931). The master ordered, in substance, that the defendant pay $90 per week until the elder daughter reached the age of twenty-three, was no longer attending college full time, or married, whichever condition occurred first. At that time, the support was to be reduced to $65 per week until the younger daughter satisfied the same three conditions, whereupon support payments would cease. We interpret the master's order, as providing that support will continue after age 18 only while each daughter is single and in college full time.

■ The defendant next challenges the portion of the decree that requires him to maintain all current health and/or dental coverage on each child until one of the conditions terminating the support payments occurs and to maintain his current life insurance policies, naming the two children as beneficiaries, until the younger child satisfies one of the above conditions. The health and/or dental coverage is justified by the same reasoning as the support payments discussed above. While requiring that both children be named beneficiaries under the life insurance policies until the younger child is no longer dependent is more troublesome, we do not find it such a clear abuse of discretion as to require reversal.

The defendant next challenges the inclusion of a clause automatically escalating the amount of child support with increases in the defendant's wages. His support obligation is to be increased by

thirty percent of any increase in his wages while both children are dependent on his support and increased by twenty percent of any increase in his wages when only the younger child is dependent on him. These amounts correspond roughly to the percentage of his gross income that the defendant is now obliged to pay for child support.

■■ While this type of arrangement has never before been passed on by this court, it has been approved by courts in many other jurisdictions. *See, e.g., Golden v. Golden*, 230 Ga. 867, 867, 199 S.E.2d 796, 797–98 (1973); *Vollenhover v. Vollenhover*, 4 Ill. App. 2d 44, 46–47, 123 N.E.2d 114, 115 (1954); *Petersen v. Petersen*, 85 N.J. 638, 642–46, 428 A.2d 1301, 1303–04 (1981); *In re Marriage of Mahalingam*, 21 Wash. App. 228, 232–36, 584 P.2d 971, 975–77 (1978). We agree that the inclusion of an automatic escalation clause is a sensible response to the economic pressures that this country has been experiencing for some time. Its use will reduce the need for parties to continually return to court to seek to modify support decrees. *See Mahalingam, id.* at 236 n.10, 584 P.2d at 977 n.10. The escalation clause provides cost-of-living increases in support payments as the ability of the supporting party to undertake the obligation increases. Of course, the supporting party will be able to return to court for a modification of the order if he receives a substantial increase in salary unrelated to a cost-of-living increase. *See* RSA 458:32. Triers of fact should also consider increases in the custodial spouse's income when drafting or modifying support orders. *See Logan v. Logan*, 120 N.H. 839, 842–43, 424 A.2d 403, 405 (1980).

Next, the defendant argues that the master's division of property, including the award of a business to the plaintiff, constituted an abuse of discretion. *See Henderson v. Henderson*, 121 N.H. 807, 809, 435 A.2d 133, 135 (1981); *Goudreault v. Goudreault*, 120 N.H. 140, 140, 412 A.2d 736, 736 (1980). Upon a review of the record, we disagree.

■ The master found that the business in question, the Bridaloft, was founded and continuously operated by the plaintiff. There is evidence in the record to support his finding. *See Henderson v. Henderson*, 121 N.H. at 810, 435 A.2d at 135. We have previously held that a closely held business should not be divided where one party was primarily involved with the business and had devoted substantial time and toil to its growth and maintenance. *See Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979).

As to the division of the rest of the property, we cannot say that

it is so inequitable as to require reversal. *See Hanson v. Hanson,* 121 N.H. at 720, 433 A.2d at 1311; *Azzi v. Azzi,* 118 N.H. 653, 656, 392 A.2d 148, 150 (1978). In addition to a portion of the bank accounts and one car, the defendant also received an unencumbered interest in his company pension, *see MacDonald v. MacDonald,* 122 N.H. at 342, 443 A.2d at 1017, 1018, and the defendant will also receive one-half of the proceeds from the sale of the marital home as soon as the younger daughter reaches eighteen or graduates from high school.

 Finally, the defendant contends that the master failed to address or rule on certain of his requests for findings of fact and rulings of law. A master need only make findings, in narrative form, of the essential facts which are sufficient to support his decision. *Pugliese v. Town of Northwood,* 119 N.H. 743, 749, 408 A.2d 113, 117 (1979); *R. J. Berke & Co. v. J. P. Griffin, Inc.,* 116 N.H. 760, 767, 367 A.2d 583, 588 (1976). The master here has done so.

*Affirmed.*

All concurred.