Rockingham
No. 81-473

JEANNETTE Y. RAHN

v.

JOHN A. RAHN

March 31, 1983

*James J. Fitzpatrick*, of Portsmouth, and *James H. Dineen*, of Kittery, Maine (*Mr. Fitzpatrick* and *Mr. Dineen* on the brief, and *Mr. Fitzpatrick* orally), for the plaintiff.

*Shute, Engel & Morse P.A.*, of Exeter (*Paul R. Pudloski* on the brief and orally), for the defendant.

DOUGLAS, J.   This case involves the distribution of property in a divorce proceeding following a long-term marriage where the major asset of the parties is their home. The Master (*Earl J. Dearborn,* Esq.) recommended that the home be awarded exclusively to the plaintiff, and the Superior Court (*Temple,* J.) entered a decree accordingly. We reverse and remand.

The parties married in 1942, and both worked and pooled their earnings in a joint account. The plaintiff, Jeannette Rahn, was fifty-four years old at the time of the divorce, while John was sixty-two. About thirty years ago, they purchased a house in Rye for $10,000. It has no mortgage and is presently worth at least five or six times as much. An appraiser estimated the value at $79,000.

The plaintiff has angina and works in a non-teaching job at a Portsmouth school. She earns $123 a week take-home pay after a deduction of $45 a month to repay a loan used to purchase vinyl siding for the house. The defendant, who works for General Electric, has a take-home pay of $237 a week. The parties disagree over who put more time and work into the house. The defendant, who held a second job, and therefore could not personally perform as much maintenance and repair work as the plaintiff, claims that he hired people to do various repairs. The plaintiff, on the other hand, claims that the defendant was not "interested" in the house and refused to work on it. Both seek a share of the equity in the parties' home because it is the major asset of their marriage.

Other personal assets of the parties are jointly owned savings bonds valued at $6,100, 161 shares of jointly owned General Electric stock worth about $8,800, and twenty shares of that same stock owned solely by the defendant and valued at $1,100. They each own cars of comparable net value, and they jointly own furnishings worth about $3,000. The total value of all real and personal assets including the cars is $102,900, of which the house constitutes approximately seventy-eight per cent. The master divided the property by giving the plaintiff the house, her car, the household furnishings,

and one half of the savings bonds. The defendant received about $15,000 worth of assets including his car, but he received no interest in the house. The master made no written findings of fact to support his recommended property division.

After the master's recommendations were approved, the Superior Court (*Bean*, J.) denied the defendant's motion for rehearing. This appeal followed.

██ Under RSA 458:19 (Supp. 1981), marital property is to be divided not by some magic formula but in a manner deemed "just" based upon the evidence presented. A master is not obliged to divide property equally, but must apportion the marital estate according to the equities of the circumstances. *Grandmaison v. Grandmaison*, 119 N.H. 268, 271, 401 A.2d 1057, 1059 (1979); *Azzi v. Azzi*, 118 N.H. 653, 656, 392 A.2d 148, 150 (1978); *see Comer v. Comer*, 110 N.H. 505, 507–08, 272 A.2d 586, 587–88 (1970). While our cases do not yield an equation of mathematical precision, they do form a pattern by which we can review the reasonable exercise of a master's discretion. Were it otherwise, there would be no guiding legal principles, and the appellate court would have abdicated all power of review in the name of "discretion."

█ A marriage of only one or two years may be considered differently than a long-term marriage of ten, twenty, or thirty years. In a short-term marriage, it is easier to give back property brought to the marriage and still leave the parties in no worse position than they were in prior to it. Where the parties have invested money and effort for years in an asset like a family business or house, however, the result is different.

We found in *Hanson v. Hanson*, 121 N.H. 719, 720–21, 433 A.2d 1310, 1311 (1981), that the equities after almost twenty years of marriage did not justify awarding the family home exclusively to the wife. We now do so again, where the unmortgaged value of the property far exceeds the $15,000 in dispute in *Hanson*.

█ In another recent case, we upheld an order to sell a residence and divide the proceeds equally between the spouses of a long-term marriage. *Heinze v. Heinze*, 122 N.H. 358, 361–62, 444 A.2d 559, 562 (1982). In such a marriage, especially where both parties have worked and have lived in their jointly owned residence, as the parties in this case did for almost thirty years, there should be a starting point of equality in the home from which a master can deviate, depending upon various factors.

█ If personal assets equal or exceed the value of the realty, then a division of the unmortgaged value of the house does not necessarily

have to be made. Such a relative equality of real and personal assets is not present in this case, where personal assets constitute less than one-quarter of the total value of the marital estate.

■ Where one spouse purchased an asset prior to marriage and managed it without the involvement of the other spouse, such as the hotel in *Grandmaison v. Grandmaison*, 119 N.H. at 271, 401 A.2d at 1059, or where the asset in question was a recent gift to the spouses by one of the parties' mother, such as the farm in *Henderson v. Henderson*, 121 N.H. 807, 810, 435 A.2d 133, 135 (1981), then an exclusive award may be justified.

■ One factor that can affect the *timing* of a division of the marital residence may be whether one of the spouses needs to keep the home to raise minor children so as to minimize the disruption of the children's lives. *MacDonald v. MacDonald*, 122 N.H. 339, 342–43, 443 A.2d 1017, 1018 (1982); *Weik v. Weik*, 114 N.H. 287, 288, 319 A.2d 295, 296 (1974). The parties in this case have equal need for housing and have no minor children.

■ The ability to be self-supporting, depending upon age, health, training, and other factors, has been a relevant consideration in property awards. *Buckner v. Buckner*, 120 N.H. 402, 405, 415 A.2d 871, 873 (1980). Both the plaintiff and the defendant in this case are gainfully employed, and although the plaintiff suffers from angina, it apparently is no impediment to her working. No medical testimony appears in the record to clarify this point.

■ In the case at bar, none of these factors applies in supporting the exercise of the master's discretion in awarding the house exclusively to the plaintiff. Accordingly, we reverse and remand for a reconsideration of the allocation of the marital property in a manner consistent with this opinion and require a master to make findings of fact to support his recommended property distribution.

*Reversed and remanded.*

All concurred.