Belknap
No. 83-192

### NANCY LEE TARDIF

v.

### PAUL N. TARDIF

December 27, 1983

346

*David R. Decker*, of Laconia, by brief for the plaintiff.

*Richard P. Brouillard*, of Laconia, by brief for the defendant.

DOUGLAS, J.   The principal issue in this appeal is whether the master erred in finding that the plaintiff was entitled to one-half of the stock resulting from stock splits, but not to dividends, issued with respect to shares of stock which, by divorce decree, were to be divided equally between the parties. We hold that the plaintiff was entitled to a share of both the additional stock and the dividends, and therefore reverse and remand.

The parties were divorced by decree of the superior court in 1976. The divorce decree provided, in pertinent part, that:

> "360 shares of stock in First Bancorp of New Hampshire, Inc. presently registered in the joint names of the parties and pledged as collateral for loans of the defendant, shall be permitted to remain as such collateral, but upon satisfaction of the obligation for which such collateral was given, the stock shall be divided equally between the parties."

In June 1982, the plaintiff filed a petition with the superior court alleging that the defendant had failed to reduce the loan obligation for which the stock was pledged and that he had failed to pay her any dividends that had accrued on the stock. Testimony at the hearing on the petition indicated that from 1976 until January 1983, the

shares of stock had increased in number from 360 to 1,078 by virtue of stock splits and stock dividends.

The Master (*Alice S. Love*, Esq.) found that the plaintiff was not entitled to any dividends earned on the stock and further found that she was only entitled to one-half of the 360 shares of stock, or 180 shares. The Superior Court (*Pappagianis*, J.) approved the master's recommendation and ordered that 180 shares be conveyed to the plaintiff. After a rehearing before the master, the Superior Court (*Cann*, J.) approved the master's recommendation that "the plaintiff is entitled to share in any increase in the number of shares of stock which may have resulted from a split. She is not entitled to any shares which were purchased by the defendant from dividends." The plaintiff appealed.

The plaintiff argues that the decree dividing the stock equally between the parties was a property settlement giving her ownership in half the stock, and that she thus is entitled to an equal share of any stock resulting from stock splits, as well as of stock and cash dividends, as an incident of her ownership of the original stock. The plaintiff further argues that the master abused her discretion in awarding all dividends, both cash and stock, to the defendant.

A master has broad discretion in distributing marital property, which will not be disturbed absent a showing of abuse of that discretion. *Lawlor v. Lawlor*, 123 N.H. 163, 166, 459 A.2d 238, 241 (1983). The master correctly found that the divorce decree did not change the ownership of the stock, but left it in the names of the parties as joint tenants, and that the division of the stock constituted a property settlement which could not be modified. She also was correct in finding that the stock dividends are an incident of ownership of the stock. The master erred, however, in declining to award half of the dividends to the plaintiff in addition to her share of the stock resulting from stock splits.

The divorce decree clearly provided that the shares of stock, which were owned jointly by the parties, were to be divided equally. The decree is silent concerning stock splits or dividends. Nothing in the decree indicates that either party is entitled to more than his or her equal share of the original jointly owned stock, or of additional stock resulting from stock. splits, or of dividends, and thus the decree cannot reasonably be interpreted to award a greater share of the additional stock or dividends to either the defendant or the plaintiff.

The additional stock resulting from stock splits, together with dividends (be they cash or stock) that have accrued on the stock, must be divided equally. Both are incidents of ownership and,

in the instant case, we see no reason to treat the two differently. To interpret the divorce decree any other way would be to modify the property settlement in violation of the well-established rule forbidding such judicial modification. *See Stebbins v. Stebbins*, 121 N.H. 1060, 1063, 438 A.2d 295, 297 (1981); *Douglas v. Douglas*, 109 N.H. 41, 43, 242 A.2d 78, 80 (1968). Accordingly, we find that the master abused her discretion in the instant case.

■ Because the record before us is unclear regarding the present status of the stock and dividends, we are unable to determine the appropriate share to which each party is entitled and, therefore, remand the case for such a determination consistent with this opinion.

*Reversed and remanded.*

All concurred.