Rockingham
No. 92-002

MARIE A. LABBE

v.

PATRICK E. LABBE

April 7, 1993

*Susan V. Denenberg*, of Portsmouth, by brief and orally, for the plaintiff.

*Casassa & Ryan*, of Hampton (*Faye R. Goldberg* on the brief and orally), for the defendant.

THAYER, J. The parties were divorced in 1983. In 1990, the plaintiff sought to modify the property settlement on the basis of fraud, misrepresentation or deceit. The plaintiff later sought reinstatement of alimony. After a hearing on the plaintiff's motions, the Superior Court (*Gray*, J.) approved the Master's (*Alice Love*, Esq.) findings and denied the reinstatement of alimony, but granted the plaintiff a percentage of the defendant's vested pension in the amount of $15,000. The defendant appealed on the ground that the plaintiff failed to prove fraud, misrepresentation or deceit. We agree with the defendant and reverse the order.

The plaintiff filed for divorce on January 19, 1982. By court decree the plaintiff was awarded sixty percent of the value of the marital home, and the defendant was "awarded and decreed his vested pension rights through his employment with the Public Service Company of New Hampshire, all disencumbered of any and all right, title, interest, claim or estate of the Plaintiff thereto."

The dispute in this case centers on the defendant's pension rights from Northeast Utilities, where he had worked for twenty years. The parties were married for most of the years during which the defendant worked at Northeast Utilities. In 1980, the defendant was transferred to the Public Service Company of New Hampshire (PSNH), and the parties remained married for approximately eighteen months of the defendant's employment at PSNH. At the time of his transfer, the defendant understood that his seniority and pension rights from Northeast Utilities would be transferred to PSNH. He was assured that when he retired from PSNH, his total pension would include the amount earned at Northeast Utilities.

In her proposed divorce decree submitted in 1983, the plaintiff included a provision that the defendant "be awarded the vesting pension rights at [PSNH]." She argues now that both she and the superior court were unaware of the existence of the vested pension at Northeast Utilities. Adding to the confusion, after the parties filed for divorce, but before the final decree was granted, we decided *MacDonald v. MacDonald*, 122 N.H. 339, 443 A.2d 1017 (1982). In *MacDonald*, we advised courts to consider pensions when allocating property and stated: "In the future, when pensions are in issue, the parties must provide the master or trial court with more specific information in order to assure that their assets are divided fairly." *MacDonald*, 122 N.H. at 342, 443 A.2d at 1018. We also noted that

the affidavit form provided in Superior Court Rule 158 would have to be amended to require detailed pension information. *Id.*

█ The defendant completed a support affidavit pursuant to Rule 158 on December 2, 1982, and a hearing was held on that date. At that time, the affidavit form did not request disclosure of pension information. Superior Court Rule 158 was amended on January 1, 1983 to require such information. The defendant did not complete an amended support affidavit in January 1983. Hearings on the divorce case were held on January 19–20, 1983, and the final decree was granted on January 31, 1983. In 1991, the plaintiff sought to modify the property settlement decreed by the court. There is a well established rule forbidding judicial modification of property settlements contained in divorce decrees. *Tardif v. Tardif*, 124 N.H. 345, 348, 469 A.2d 1342, 1344 (1983); *see also Douglas v. Douglas*, 109 N.H. 41, 43, 242 A.2d 78, 80 (1968). There is an exception to this rule, however, in cases of fraud, deceit, undue influence, or misrepresentation. *McSherry v. McSherry*, 135 N.H. 451, 453, 606 A.2d 311, 313 (1992); *Andersen v. Andersen*, 125 N.H. 686, 688, 484 A.2d 1180, 1181 (1984); *Durkin v. Durkin*, 119 N.H. 41, 42, 397 A.2d 304, 304 (1979).

The plaintiff bases her claim on the language in *MacDonald* requiring parties to provide specific pension information. The defendant counters by arguing that the petition for divorce was filed before the *MacDonald* case was decided, so no duty to disclose was imposed upon him, and in any event, he complied with all requests for disclosure made by the court and the attorney representing the plaintiff in the divorce. The record before us does not include a transcript of the divorce proceedings, so we are not in a position to know what evidence was presented to the marital master. We can only refer to the divorce decree itself, which refers to the defendant's "vested pension rights through his employment with" PSNH. The record indicates that at the time of the divorce, the defendant had pension rights from two employers: the pension rights from Northeast Utilities, which were vested, and the rights at PSNH, which had not yet vested.

The marital master who heard the plaintiff's motion to modify the property settlement ruled that the Northeast Utilities pension was a marital asset which was not addressed by the court when the parties were divorced. While the divorce decree does not refer to the Northeast Utilities pension, the reference to the PSNH pension may have been meant to encompass benefits accrued at Northeast Utilities that would be paid out by PSNH. The record before the marital master, however, contains no evidence supporting the finding that the

Northeast Utilities pension was not addressed by the divorcing court, as the parties testified solely about their current financial situations. There was no transcript from the divorce proceedings, nor did the parties testify as to what evidence they put forth in the 1983 proceedings. Therefore, the marital master was not in a position to rule on what was or was not before the divorcing court or to order modification of the property settlement.

The plaintiff cannot prove fraud or misrepresentation on the part of the defendant. She argues that she was unaware of the existence of the defendant's pension rights at Northeast Utilities, where he worked for almost the full length of the marriage, yet she herself proposed to the court that he be allowed to keep his pension rights at PSNH, where he had worked for less than eighteen months before the divorce. The defendant testified at the hearing on the motion to modify the property settlement that it was his understanding that his Northeast Utilities pension would be administered by PSNH and that when his pension at PSNH became vested, he would receive one check from PSNH that included benefits accrued at both Northeast Utilities and PSNH.

It is clear that the PSNH pension was disclosed to both the plaintiff and the divorcing court because it was referenced in the plaintiff's proposed findings of fact and rulings of law and it was included in the court decree. The plaintiff knew of the existence of the PSNH pension, but apparently did not conduct any discovery as to the value of that pension. The plaintiff's argument today is essentially that she did not know what the PSNH pension would be worth, *i.e.*, she did not know that the Northeast Utilities pension would be paid through PSNH. Nor does she dispute the defendant's claims that he fully complied with all requests from her attorney and the superior court and that he was not asked to complete another support affidavit after Superior Court Rule 158 was amended.

The defendant's conduct during the divorce proceedings does not rise to the level of fraud or misrepresentation. He disclosed the existence of the only pension from which he expected payment. Because there is no record in this case, we are unable to determine the full extent of his compliance with *MacDonald*. While the issue of whether the *MacDonald* holding applies to divorce proceedings instituted before that decision is debatable, the plaintiff does not deny that she failed to object to going forward under pre-*MacDonald* law, nor does she claim to have objected to the defendant's support affidavit, which was completed prior to the change in Superior Court Rule 158. The plaintiff did not meet her burden of proof. We there-

fore reverse the marital master's order giving the plaintiff $15,000 based on the value of the defendant's pension rights from Northeast Utilities.

*Reversed.*

All concurred.