### JOANNE M. DUNN

v.

### KENNETH G. DUNN

September 26, 1980

*Concemi & Wight*, of Lawrence, Massachusetts (*Stephen W. Wight* orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* orally), for the defendant.

### MEMORANDUM OPINION

The plaintiff filed a libel for divorce on the grounds of extreme cruelty and treatment so as to seriously injure health. The defendant filed a cross-libel on the ground of irreconcilable differences resulting in an irremediable breakdown of the marriage. The case was heard by a Master (*Bernard I. Snierson,* Esq.), who denied the plaintiff's motion for a continuance which was filed on the day of trial and which was based on her ill-health. This denial was a matter within the court's discretion, and we find no abuse. *See Riccardi v. Garabedian,* 118 N.H. 191, 384 A.2d 788 (1978). In any event, the issue is moot in view of our ruling on the next issue.

At trial, the plaintiff sought to introduce evidence of the defendant's extreme cruelty and treatment so serious as to injure

the plaintiff's health. The master, whose report was approved by the Superior Court (*Wyman*, J.), refused to permit the introduction of such evidence in order to prove her ground for divorce. The plaintiff has appealed from this ruling.

██ ██ The ruling was based on too expansive a reading of *Murphy v. Murphy*, 116 N.H. 672, 366 A.2d 479 (1976). We have this date held that the addition of the new no-fault cause for divorce, RSA 458:7-a (Supp. 1979), did not repeal any of the other causes based on fault and that a party who seeks a divorce on a fault-related cause cannot be deprived of the opportunity to prove that cause merely because the other party relied on the no-fault cause. *Baker v. Baker*, 120 N.H. 645, 421 A.2d 998 (1980). Thus, it was error on the part of the trial court to exclude the plaintiff's offer of evidence on her alleged causes for divorce.

Because there must be a new trial at which a different decree with regard to alimony may result, we need not consider the plaintiff's claim that the award was inequitable.

*Remanded; new trial.*