Hillsborough
No. 81-453

# Thomas G. Ebbert

v.

# Linda K. Ebbert

April 4, 1983

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* on the brief and orally), for the plaintiff, Thomas G. Ebbert.

*Law Offices of Robert J. Moses*, of Amherst (*Robert J. Moses* and *J. Alexander MacMartin, Jr.*, on the brief, and *Mr. Moses* orally), for the defendant, Linda K. Ebbert.

BROCK, J.   This appeal involves cross-libels for divorce brought by Thomas Ebbert against Linda Ebbert for adultery, RSA 458:7, II, and by Linda Ebbert against Thomas Ebbert for irreconcilable differences, RSA 458:7-a (Supp. 1979). The matter was tried before a Master (*Peter J. Bourque*, Esq.), who recommended that *each* party's libel be granted and that each be awarded a decree of divorce on the grounds each alleged. The master also made recommendations concerning the final distribution of the parties' real and personal property and recommended temporary orders relating to child custody and support. The master's recommendations were approved by the Superior Court (*Bean*, J.), and Thomas Ebbert appealed. For the reasons which follow, we reverse and remand the case for reconsideration in light of this opinion.

The parties, married for approximately thirteen years, have two children and reside in Amherst. At the time of their marriage, it was agreed that Mrs. Ebbert would terminate her employment as a stewardess and devote her time to homemaking and the family. Mr. Ebbert is an airline pilot, and his substantial income has been the family's sole source of support throughout the marriage.

It is not disputed that Mrs. Ebbert committed an act of adultery in May 1981. Shortly thereafter, both parties filed their libels for divorce. Mrs. Ebbert essentially alleged that irreconcilable difference between the parties had caused the breakdown of the marriage, long before her act of adultery occurred. Mr. Ebbert, on the other hand, claimed that his wife's adulterous conduct caused the breakdown of the marriage.

In addition to recommending the award of a divorce decree to each party, the master recommended that Mrs. Ebbert be awarded: fifty percent of the net proceeds from the sale of their Amherst home; fifty percent of the proceeds, after certain repayments to

accounts in the names of the children, from a sale of land owned by the couple in California; two automobiles and substantial amounts of the couple's personal property in the Amherst residence. Under the decree, Mr. Ebbert was to pay $5,200 of Mrs. Ebbert's current debts, an additional $5,000 in cash, and $2,500 per month for what the master termed "the support of the defendant [Mrs. Ebbert] and the minor children." Mr. Ebbert was awarded the remaining net proceeds from the sale of the couple's real property, certain personal property, household furnishings and tools, two automobiles, the balance of his liquid assets, and certain stocks. He was also ordered to maintain his life insurance policy as well as accident and health insurance for the benefit of his children.

Mr. Ebbert advances two basic claims on appeal: (1) that the master erred in granting *both* libels for divorce; and (2) that the master's division of property and award of support unfairly favored Mrs. Ebbert and improperly failed to take into account her fault.

██ We agree that the master erred as a matter of law when he recommended that two decrees of divorce, on both a fault ground (adultery) and the no-fault ground of irreconcilable differences, be granted. It is well settled that when the legislature established irreconcilable differences as a no-fault ground for divorce, RSA 458:7-a (Supp. 1979), the original thirteen grounds for divorce based on fault were not repealed and thus remain as valid grounds for divorce. *Baker v. Baker*, 120 N.H. 645, 651, 421 A.2d 998, 1002 (1980); *see Dunn v. Dunn*, 120 N.H. 662, 663, 421 A.2d 1003, 1003–04 (1980); C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 181 (1982). Thus, a party who seeks a divorce on a fault ground cannot be denied the opportunity to litigate on that basis merely because the other party has advanced irreconcilable differences as grounds for the divorce. *Dunn v. Dunn*, 120 N.H. at 663, 421 A.2d at 1003–04; *Baker v. Baker*, 120 N.H. at 651–52, 421 A.2d at 1002.

██ In a similar context, we have held that the decision as to *which* of the alleged grounds for divorce constituted the primary cause of the marital breakdown fell within the sound discretion of the trial court. *See Murano v. Murano*, 122 N.H. 223, 229, 442 A.2d 597, 601 (1982). The facts of the present case require us to add that the trier of fact's discretion *must be exercised* by deciding which of the alleged grounds in fact has caused the breakdown of the marriage.

█ We conclude that in the present case the master failed to properly exercise his discretion when he recommended that decrees of divorce be granted on fault and no-fault grounds. Specifically, the

master was called upon to determine whether, on the evidence before him, the marriage breakdown was caused by irreconcilable differences occurring prior to the adultery of Mrs. Ebbert, or whether, to the contrary, Mr. Ebbert was entitled to a decree of divorce based on the adultery and fault of his wife.

■ Because of our holding that a divorce cannot be granted under both RSA 458:7 and RSA 458:7-a (Supp. 1979) and that one of the divorce decrees must be vacated upon remand, we need not consider in detail Mr. Ebbert's additional allegations that the property division and support order constituted an abuse of discretion. *See Dunn v. Dunn*, 120 N.H. at 663, 421 A.2d at 1004. In order, however, to provide the trial court with some guidance in its resolution of this and similar cases that come before it, we wish to allude to the following. First, where a fault ground has been alleged and properly pleaded, as in this case, evidence of fault may be considered in any award of alimony or division of property. *See Baker v. Baker*, 120 N.H. at 651, 421 A.2d at 1002. Reference to the record before us on this appeal suggests that the master may not have sufficiently considered such evidence in his division of property and award of support to Mrs. Ebbert.

■■ Second, Mr. Ebbert also questioned the master's award of a single sum, $2,500, as monthly support for his wife and children, rather than specifying what part of that amount constituted child support, and what, if any, part alimony. Generally, a master's decision whether to award support to a spouse and children in the form of alimony, child support, or both, is within the sound exercise of the master's discretion. This decision may be grounded, among other factors, in the master's consideration of the differing tax consequences to the parties in awards of alimony versus child support. *See Parker v. Parker*, 122 N.H. 658, 662–63, 448 A.2d 414, 416 (1982); I.R.C. §§ 71, 215. In a case such as the one at hand, however, where a fault ground has been alleged and may be the basis for a decree of divorce, it is desirable for a master, if requested, to give serious consideration to allocating specific sums for child support and alimony. By doing so, the trial court not only provides the parties with a clearer record for their own purposes, but also creates a clearer record for the purposes of appellate review.

*Reversed and remanded for further proceedings consistent with this opinion.*

All concurred.