Rockingham
No. 84-506

PEARL E. CHABOT

v.

WILFRED E. CHABOT

July 24, 1985

*Sanders & McDermott P.A.*, of Hampton (*Lawrence M. Edelman* on the brief and orally), for the plaintiff.

*Page Brown*, of Exeter, and *Scott LaPointe*, of Plaistow (*Mr. Brown* on the brief, and *Mr. LaPointe* orally), for the defendant.

BATCHELDER, J. This appeal from a divorce decree raises the issue of whether the Superior Court (*Gray*, J.) erred in denying the plaintiff's motion to amend her libel to allege fault grounds and in refusing to hear evidence on those grounds at the final divorce hearing. We reverse and remand.

The plaintiff filed a libel for divorce on January 31, 1984, alleging irreconcilable differences as the sole ground upon which she sought the divorce. *See* RSA 458:7-a.

On February 24, 1984, the date of a hearing on her requests for temporary relief, the plaintiff filed an amendment to her libel. The amendment alleged two fault grounds upon which she sought her divorce: extreme cruelty and treatment tending seriously to injure health or endanger reason. *See* RSA 458:7, III and V. The motion to amend contained factual allegations; however, the allegations were neither verified by affidavit nor apparent from the record in the case. The motion was thus not in strict compliance with Superior Court Rule 57. A temporary order restraining the defendant from interfering with the personal liberty of the plaintiff was granted after the hearing for temporary relief before the Marital Master (*Stephanie T. Nute*, Esq.). The defendant did not request a hearing upon the motion to amend within the ten-day period provided in Superior Court Rule 58, and in fact never requested such a hearing.

In the ensuing months, the plaintiff filed two motions for contempt, one on April 2, 1984, and the other on August 3, 1984. Both motions complained of the worsening condition suffered by the plaintiff as a result of the defendant's actions alleged as the fault grounds in the proposed amended libel.

The motion to amend was never formally acted upon by the court prior to the final hearing. It apparently remained in the court file, only to come to light on the date of that hearing.

The final hearing on the divorce was held on August 30, 1984. Shortly after the proceeding began, the plaintiff began to present her evidence on the fault grounds, apparently under the assumption that the amendment had been allowed.

The court ruled that the amendment had not been allowed and denied the motion to amend. In denying the motion, the court stated:

> "Since the original libel filed in this matter alleges irreconcilable differences which have caused the irremediable breakdown of the marriage, the divorce will proceed this afternoon, if at all, only on the ground of irreconcilable

differences; the fault of either party will not be admissible."

No opportunity for a hearing on the motion to amend was afforded. The plaintiff's exception to this ruling was noted. The court granted the divorce on the grounds of irreconcilable differences and ordered a property division and alimony award.

■■■■ The defendant's failure to object to the motion to amend within ten days is deemed to be a waiver of a hearing on the motion. *See* SUPER. CT. R. 58. The court could have either granted the motion or afforded the plaintiff a hearing. *See Yancey v. Yancey*, 119 N.H. 197, 399 A.2d 975 (1979). In this case, in particular, the plaintiff was justified in assuming that the fault grounds alleged in the amendment had been allowed by the court, since the court granted temporary orders based on at least a preliminary determination of fault. Therefore, at the final hearing, the court's denial of the motion to amend without affording a hearing was an abuse of discretion which requires us to reverse and remand the case.

■■■ On remand, if the amendment is allowed, the trier of fact must exercise discretion in deciding which of the alleged grounds for divorce has caused the breakdown of the marriage. *Ebbert v. Ebbert*, 123 N.H. 252, 254, 459 A.2d 282, 284 (1983). Evidence of fault may be considered in an award of alimony or division of property if a fault ground is proven to be the primary cause of the marital breakdown. *See id.* at 255, 459 A.2d at 284–85. Even if the amendment is allowed, if the plaintiff does not prove fault on which divorce can be granted and the court grants a divorce on the ground of irreconcilable differences, fault would not be considered on the questions of property division or alimony. *See* RSA 458:7-a; *Murphy v. Murphy*, 116 N.H. 672, 673–74, 366 A.2d 479, 481 (1976).

*Reversed and remanded.*

All concurred.