Hillsborough
No. 87-442

ANN R. BOUCHER

v.

J. PHILIP BOUCHER

December 30, 1988

*Kahn & Brown*, of Nashua (*James H. Leary* on the brief and orally), for the plaintiff.

*Epstein, Burke, MacIntosh & DeVito P.A.*, of Concord (*Janet F. DeVito* on the brief and orally), for the defendant.

JOHNSON, J.   The defendant, J. Philip Boucher, appeals from the property division portion of a final decree of divorce recommended by the Master (*Bruce F. DalPra*, Esq.) and approved by the Superior Court (*Dalianis*, J.). The defendant claims that the court erred as a matter of law in taking fault into account in making the property division, when it had granted the divorce on the ground of irreconcilable differences. *See* RSA 458:7-a. He also claims that the court erred in finding that he has an "equitable interest" in certain property located in Morgan, Vermont, and then including that property in the division of assets. For the reasons stated below, we vacate the order providing for the property division and remand.

The parties were married in June 1965, and have two children. In December 1985, the plaintiff, Ann R. Boucher, filed a libel for divorce based on the fault ground of adultery. *See* RSA 458:7, II. The defendant filed a denial and cross libel, requesting a divorce on the ground that irreconcilable differences had caused the irremediable breakdown of the marriage, pursuant to RSA 458:7-a. A hearing was held on March 20, 1987, before a marital master. On June 13, the master recommended the granting of a divorce on the ground of irreconcilable differences, and the superior court approved the recommendation on July 9. In his award of property,

the master recommended a division which would give the plaintiff two-thirds of the major assets and the defendant one-third. On August 4, 1987, the defendant filed a motion for reconsideration, which was denied. This appeal followed.

The defendant first claims that, although the court granted the divorce on the ground of irreconcilable differences, the master, whose report was approved, considered fault in making the property division. The defendant first points to the master's finding as to the grounds for divorce. The master found as follows: "With respect to the cause for divorce, I do not find that there is sufficient evidence to show that *adultery* was the cause of the breakdown of the marriage." (Emphasis in original.) The defendant next points to several statements contained in the master's report to support his claim that fault was nevertheless considered. The master stated that although "irreconcilable differences have caused the breakdown of the marriage, I find that Philip's actions were primarily responsible for creating those differences and his failure to take any steps to attempt to remedy those differences contributed to the breakdown of the marriage." The master stated as well that in making the property division he had taken into account, among other things, "Philip's conduct throughout the marriage." The defendant also points to the master's lengthy recitation of facts as alleged by the plaintiff, as compared with the short recitation of facts as the defendant understood them. This consideration of fault, the defendant claims, was in error.

We have previously held that when more than one ground for divorce has been alleged, the master must grant the divorce on the ground which was the "primary cause of the marital breakdown." *See Ebbert v. Ebbert*, 123 N.H. 252, 254, 459 A.2d 282, 284 (1983). In the instant case, the master found that irreconcilable differences had caused the breakdown of the marriage, and therefore granted the divorce on the cross libel. We have also held that "[e]vidence of fault may be considered in an award of alimony or division of property if a fault ground is proven to be the primary cause of the marital breakdown." *Chabot v. Chabot*, 126 N.H. 793, 795, 497 A.2d 851, 852 (1985); *cf.* RSA 458:16-a, II(*l*) (Supp. 1988). If the master considered fault in making a property division following the grant of a no-fault divorce, he made a reversible error.

The plaintiff, however, claims that the master's reference to "Philip's conduct throughout the marriage" referred to the defendant's loss of interest in the home and his moving out of the house. The plaintiff claims that such actions are not the equivalent of "fault," and that a court may, therefore, properly take such

conduct into consideration in making a property division, even when a no-fault divorce has been granted.

■■ Although fault may not be considered in making a division of property following a no-fault divorce decree, property need not be distributed equally, though it must be distributed equitably. *See Heinze v. Heinze*, 122 N.H. 358, 361–62, 444 A.2d 559, 562 (1982). A court may consider a number of factors in dividing the parties' assets, including the length of the marriage, the ability of the parties to support themselves, and the need of a party to provide a home for minor children. *Hodgins v. Hodgins*, 126 N.H. 711, 714, 497 A.2d 1187, 1189 (1985); *Rahn v. Rahn*, 123 N.H. 222, 225–26, 459 A.2d 268, 269–70 (1983). In the instant case, these factors were taken into account. A disinterest in the home, or residence outside the home, can in some sense be characterized as "misconduct," which is excluded from consideration in a no-fault divorce except under specific circumstances. *See* RSA 458:7-a. Such a disinterest or nonresidence is better characterized, however, as evidence regarding a party's contribution and attachment to a specific asset, the home.

■ We have held that where both parties have lived in their jointly owned residence for a long period of time, "there should be a starting point of equality in the home" in determining an equitable division. *Rahn*, 123 N.H. at 225, 459 A.2d at 270. However, in determining the division of assets, it is appropriate to consider the parties' contributions, both in terms of money and services, to the acquisition and maintenance of the home. *See Ruben v. Ruben*, 123 N.H. 358, 361, 461 A.2d 733, 734 (1983). Thus, the master could properly have considered the defendant's interest or lack of interest in the home, as well as his absence from the home, in determining an equitable settlement. Because it is not clear, however, what "conduct" the master considered in making his recommendation of a property division, and whether the master was impermissibly influenced by his finding that the defendant "was primarily responsible for creating the [irreconcilable] differences," we must remand.

The defendant's second claim of error involves the master's finding that the parties had an equitable interest in certain property located in Morgan, Vermont. There are two distinct Vermont properties involved in this case: 8,420 square feet of land, and the building located upon it. According to the defendant, his father had purchased a 99-year lease on the land. After the father's death, the building located on the land, according to the defendant,

passed to defendant's mother as "personal property." In 1982, the defendant and his mother purchased the land outright for the sum of $500. The defendant testified, however, that he has no claim to the building which was located on the land at the time of the purchase, and to which his mother has title.

The master found, with regard to the building, that although there may have been some contradiction in the evidence as to whether or not the building is in the name of the defendant's mother, "for the purpose of this hearing only, the parties enjoy an equitable interest" in the property. He noted that the parties paid approximately $20,000 during their marriage to help improve the property. The improvement consisted primarily of a four-bedroom addition to the building. The master included the equitable interest in this property, which he valued at $12,500, within the assets distributed to the defendant. The defendant claims that the property should not have been considered as one of the parties' assets. He makes two arguments in support of this claim.

The defendant argues that, although the property was located outside of this jurisdiction, no information was requested or provided as to the applicable law of the jurisdiction where it is located. Without this information, the defendant claims, the master was unable to determine whether the defendant has an equitable interest in the property. We agree with defendant's contention.

■■ In determining which jurisdiction's law governs a particular matter, this court has rejected the application of mechanical rules. *Clark v. Clark,* 107 N.H. 351, 352–53, 222 A.2d 205, 207 (1966). Instead, we consider which law's application will ensure predictability of results, maintain an orderly and good relationship with other States, simplify the judicial task, strengthen the policies underlying local rules, and allow for the application of what the court believes is the sounder rule of law. *Id.* at 354–55, 222 A.2d at 208–09. In the instant case, by far the strongest consideration will be which law will ensure the greatest predictability of the result. *See* LEFLAR, AMERICAN CONFLICTS OF LAW §§ 165, 172, 177 (1977). Since the property is located in Vermont, and any money advanced served to improve the Vermont property, applying the law of Vermont will most likely serve the parties' expectations. The place where the property is to be "kept and used and where further dealings with it are most likely to occur is the place to whose law the parties, and third persons also, would normally look." *Id.* § 177, at 363. Vermont law, therefore, determines whether or not the parties' actions gave them an equitable interest in the property, as well as the preliminary matter

of whether title to land and ownership of a building on such land may be distinct. A failure by the party to plead the law of Vermont would not require a contrary result. *See Stone v. Howe*, 92 N.H. 425, 425–26, 32 A.2d 484, 485 (1943).

The defendant also argues that the master erred in determining that the parties had an equitable interest in the Vermont building when the holder of legal title was not made a party to the proceeding or any other proceeding which determined such title. A determination that the parties have an equitable interest in property, which was to be binding upon the titleholder, would diminish the legal owner's interest in the property. In such a case, the titleholder would be a necessary party to the proceeding. *See Jones v. Herbert*, 77 N.H. 282, 284, 90 A. 854, 855 (1914); *see also Dreyer v. Dreyer*, 657 S.W.2d 363, 364–66 (Mo. App. 1983); *In re Marriage of Peshek*, 89 Ill. App. 3d 959, 965–66, 412 N.E.2d 698, 703 (1980). In the instant case, the master correctly recognized that his determination regarding the parties' equitable interest in the building could not be binding on the holder of legal title who was not a party to the proceeding; the master explicitly stated that his finding was for the "purpose of his hearing only." The question then becomes whether the property division, which took into account something which may be an illusory asset, nevertheless remains an equitable property division.

Since we are unable to determine whether the master's apportionment of property was equitable under the circumstances of this case, we remand for a determination of what would constitute an equitable property division.

*Vacated and remanded.*

All concurred.