Portsmouth Family Division
No. 2006-038

IN THE MATTER OF MARIE MANNION AND MICHAEL MANNION

Argued: January 18, 2007
Opinion Issued: March 6, 2007

*Bailinson, Capuchino & O'Leary*, of Manchester (*David I. Bailinson* and *Melanie M. Chaput* on the brief, and *Mr. Bailinson* orally), for the petitioner.

*Soule, Leslie, Kidder, Sayward & Loughman, P.L.L.C.*, of Salem (*Jill A. Desrochers* on the brief, and *David W. Sayward* orally), for the respondent.

HICKS, J. The petitioner, Marie Mannion, appeals an order of the Portsmouth Family Division (*DeVries*, J.) approving the final divorce decree recommended by the Marital Master (*Fishman*, M.). We affirm.

The record supports the following. The petitioner and the respondent, Michael Mannion, married in June 1989 and had one child. On January 9, 2004, the petitioner obtained an emergency restraining order against the respondent for an alleged assault that occurred at their home earlier that day. The petitioner filed for divorce based upon irreconcilable differences on January 13, 2004. Following a final hearing held on January 21, 2004, pursuant to RSA chapter 173-B (2004) (Supp. 2006), a finding of abuse was entered by the Derry Family Division against the respondent for the "unprivileged physical conduct" that allegedly occurred on January 9, 2004. On March 22, 2004, the petitioner amended her divorce petition to assert fault-based grounds as a result of a pattern of abusive conduct including the alleged January 9 assault. The final contested divorce hearing occurred on November 3, 2005, after which the trial court awarded the respondent a divorce upon the grounds of irreconcilable differences. The court found that there had been "no domestic violence on January 9, 2004 nor was there prior verbal abuse by the Respondent against the Petitioner." The final decree awarded the respondent sole parental decision-making responsibility and primary parenting time.

On appeal, the petitioner argues that the court erred when it: (1) failed to apply the finding of abuse throughout the divorce and custody proceeding as required by the doctrines of res judicata and collateral estoppel; (2) failed to apply RSA 461-A:5, III (Supp. 2006) and awarded sole parental decision-making responsibility to the respondent; and (3) awarded the respondent a divorce on the grounds of irreconcilable differences. We address these arguments in turn.

## I. Res Judicata and Collateral Estoppel

The petitioner first argues that it was legal error for the trial court to find that no assault occurred on January 9, 2004, in light of the final domestic violence order which included a finding to the contrary.

Specifically, she argues that res judicata and collateral estoppel barred the trial court from finding that no abuse occurred on January 9. The record reveals, however, that this issue was not preserved for appellate review.

"The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. Winstead*, 150 N.H. 244, 246 (2003) (quotation omitted). The objection must state "explicitly the specific ground of objection." N.H. R. Ev. 103(b)(1). "This requirement, grounded in common sense and judicial economy, affords the trial court an opportunity to correct an error it may have made." *Id.* (quotation and ellipsis omitted).

"The appealing party bears the burden of demonstrating that it raised its issues before the trial forum." *Tiberghein v. B.R. Jones Roofing Co.*, 151 N.H. 391, 393 (2004). "Parties are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." *Id.* (quotation omitted).

At trial, petitioner's counsel questioned her about the alleged assault that occurred on January 9, 2004. Respondent's counsel then objected. The following colloquy ensued:

> [Respondent's counsel]: I, I'm going to object. You know, we've been through this and we'll stipulate there's a finding before the Court. The Court can take judicial notice there's a finding, you know. No reason to relitigate this trial.
>
> [Court]: I don't ... think I can. I mean I think I have to accept the fact that there was a finding.
>
> [Petitioner's counsel]: Oh, yes. But it's also part of our fault grounds so—I'll be happy to move on if there's a stipulation there was abuse and then, and then I'll make a connection to our fault grounds and I'll just move on.
>
> [Respondent's counsel]: I will only stipulate that Master DalPra made a finding under the statute that this incident arose.

Aside from this discussion regarding the prior finding of abuse, no res judicata or collateral estoppel argument was raised at the final hearing. At no point during the trial did petitioner's counsel assert that the doctrines required the court to accept the finding of assault by the Derry Family Division and apply the finding when making parental rights and responsibility determinations. Nor did the petitioner, after the trial court issued the divorce decree in which it first made its finding that no abuse had occurred, raise the issue in a motion to reconsider. *See LaMontagne Builders v. Bowman Brook Purchase Group*, 150 N.H. 270, 274 (2003).

Because the petitioner neither made "a contemporaneous and specific objection" to the respondent's testimony nor raised her theory in a motion for reconsideration, the issue is not preserved for our review. *Id.*; *Winstead*, 150 N.H. at 246.

## II. RSA 461-A:5, III

The petitioner next argues that, collateral estoppel notwithstanding, the court erred when, despite the prior finding of abuse against the respondent, it awarded sole parental decision-making responsibility under RSA 461-A:5, III to him. Specifically, she argues that the court was required to award sole decision-making power to her because of the prior finding of abuse. We disagree.

When determining matters of custody, a trial court's overriding concern is the best interest of the child. *In the Matter of Hampers & Hampers*, 154 N.H. 275, 281 (2006).

> In doing so, the trial court has wide discretion, and we will not overturn its determination except where there has been an unsustainable exercise of discretion. This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment. The trial court's determination in any custody case depends to a large extent upon the firsthand assessment of the credibility of witnesses, as well as the character and temperament of the parents, and the findings of the trial court are binding upon this court if supported by the evidence.

*Id.* (quotations and citations omitted).

Pursuant to RSA 461-A:4 (Supp. 2006), the trial court formulated a parenting plan for the parties because communication between them was not possible. The trial court found that the petitioner remained "terrified of the Respondent for events which did not occur and the Respondent [was] mistrustful of the Petitioner since he [had] already been subjected to the criminal justice system as a result of Petitioner's unfounded allegations."

When devising a parenting plan relating to decision-making responsibility under RSA 461-A:5, there is a presumption that joint decision-making responsibility is in the best interest of the child unless there has been a finding of abuse. RSA 461-A:5.

RSA 461-A:5, III provides:

> Where the court finds that abuse as defined in RSA 173-B:1, I has occurred, the court shall consider such abuse as harmful to

children and as evidence in determining whether joint decision-making responsibility is appropriate. In such cases, the court shall make orders for the allocation of parental rights and responsibilities that best protect the children or the abused spouse or both. If joint decision-making responsibility is granted despite evidence of abuse, the court shall provide written findings to support the order.

■ The trial court, however, found that no abuse had occurred. While the court acknowledged that the Derry Family Division had made such a finding, the statute is not triggered by a finding of *another court* that abuse has occurred. The statute applies only when "the court" responsible for allocating parental rights finds that *abuse* has occurred. It is clear from the context that "the court" making orders for the allocation of parental rights must be the same court that makes the finding of abuse. Here, that court was the Portsmouth Family Division, which found that no abuse occurred. Accordingly, RSA 461-A:5, III did not apply.

■ The court considered the testimony of the guardian ad litem that the respondent should have sole decision-making responsibility, the parties' inability to communicate, the behavior of the parties and the child's stability and normalcy. Because there is evidence in the record to support the trial court's determination regarding decision-making responsibility, we cannot say that the court's exercise of discretion was unsustainable.

*III. Grounds for Divorce*

Finally, the petitioner argues that the trial court erred by not granting the divorce on fault grounds. She again argues that the court erred by not considering the finding of abuse against the respondent. We disagree. Whether the irremediable breakdown of the marriage was caused by irreconcilable differences or the respondent's misconduct was a factual question for the trial court. *See Hampers*, 154 N.H. at 279. We will affirm the trial court's factual findings unless the evidence does not support them or they are legally erroneous. *Id.*

■ There is no statutory presumption that relates to fault under RSA 458:7 (2004). To obtain a divorce on fault grounds, the petitioner was required to show that: (1) the respondent so treated her as "seriously to injure health or endanger reason" during the marriage, RSA 458:7, V; and (2) the respondent's behavior was the *primary cause* of the breakdown of the marriage. *See Ebbert v. Ebbert*, 123 N.H. 252, 254 (1983).

■ Both parties testified that their marriage began to deteriorate around 2003 and that they entered marriage counseling that same year.

The trial court found that the alleged "incidents of physical and verbal abuse" did not occur. While the testimony presented by the parties conflicted, the trial judge was in the best position to evaluate the evidence, measure its persuasiveness and assess the credibility of witnesses. *In the Matter of Gronvaldt & Gronvaldt*, 150 N.H. 551, 554 (2004). The record supports the trial court's findings, and we find no error in its decision to grant the divorce on the ground that irreconcilable differences caused the irremediable breakdown of the marriage. *See* RSA 458:7-a (2004).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.