**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0712, <u>In the Matter of Dianne Haley and Joseph Haley, III</u>, the court on September 17, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Dianne Haley, appeals a final decree and parenting plan issued by the Circuit Court (<u>Introcaso</u>, J.) in her divorce from the respondent, Joseph Haley, III. <u>See</u> RSA 458:16-a (2004); RSA 461-A:4 (Supp. 2014). The petitioner contends that the trial court erred by: (1) denying her request "to delay the last day of the Final Hearing in order to have forensic psychiatric evaluations of the parties"; (2) failing "to appropriately consider the statutory factors" of RSA 461-A:6 (Supp. 2014) in determining the child's best interest; (3) excluding evidence that the respondent had dissipated more than $200,000 in marital assets; (4) allowing the respondent "to testify with respect [to] the financial posture of the parties when . . . [he] had never provided necessary mandatory" disclosures; and (5) "holding [her] to strict compliance with the rules of evidence, while failing to hold other parties to the same" standard.

We first address the petitioner's argument that the trial court erred by not obtaining forensic psychiatric evaluations of the parties to assist in determining the child's best interest. The trial court has wide discretion to allocate parental rights and responsibilities. <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011). Our review is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion. <u>Id</u>. This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably be made. <u>Id</u>. When determining matters of parenting rights and responsibilities, a trial court's overriding concern is the best interest of the child. <u>Id</u>.

On April 14, 2014, in response to a motion by the guardian ad litem (GAL), the trial court ordered the parties to undergo psychiatric evaluations. The trial court postponed the start of the final hearing by four months to accommodate the evaluations. Subsequently, the GAL reported that the petitioner claimed that she could not pay for her evaluation. However, less than three weeks before the start of the final hearing, after the GAL informed the parties that there was not sufficient time to conduct the evaluations, the petitioner informed the GAL that

she would borrow the money. The GAL testified that the respondent "had been ready, willing, and able to submit to his evaluation going back to April," but that an evaluation of only one parent would have been inappropriate.

At the close of her case-in-chief, the petitioner moved for forensic psychological evaluations of the parties. At that time, she informed the court that she could produce the necessary funds immediately. The trial court denied that motion, in part, because it "would require an indefinite continuance" of the final hearing and "both the respondent and the GAL believe that it is in the best interest of the child who is the subject of the parenting dispute to have closure." Although the petitioner argues that "she made numerous attempts to arrange a payment plan," the trial court found, and the record supports, that the "only reason that the evaluations were not done as originally planned was due to [her] inability to arrange for a way to pay" her share. Furthermore, the trial court found that the petitioner had cast doubt upon the validity of any evaluation of the respondent because she told the GAL that the respondent was "prepping to fool [the forensic psychiatrist] in the same way he fooled you."

The petitioner argues that the trial court "did not have a clear picture of [the respondent's] mental health" and thus could not determine the child's best interest. We note that, during the nearly three days in which the petitioner presented her case, she had ample opportunity to present evidence regarding the respondent's mental health. We further note that, although the GAL found it "unfortunate" that the forensic psychiatric evaluation had not been conducted, he expressed no concern about his ability to recommend a parenting plan that would be in the child's best interest. Instead, he testified that the forensic psychiatrist had reviewed his reports and concluded that the GAL "had a fair grasp of what [he] was dealing with here."

The petitioner argues that both the GAL and the trial court expressed concern regarding the parties' abilities to safely and competently parent the child. However, the GAL reported that his "primary concerns about [the respondent] can hopefully be addressed by issuing some strict and ongoing parenting requirements," and that he was "less confident that any parenting recommendations can alleviate the intensely negative environment which [the child] may experience with [the petitioner]." Similarly, the trial court stated that it had

> a major concern that [the petitioner] will continue to express her hatred and contempt for [the respondent] in the presence of [the child]. She believes that supervised parenting is necessary to protect [the child]. Despite this belief, she has chosen not to see [the child] if it means dealing with the [respondent]. This is not in the child's best interest.

Furthermore, the trial court found that the child, who was thirteen at the time of the hearing, "wish[ed] to live with his father; his relationship with his mother has suffered as a result of mother's relentless negative behavior towards his father."

We conclude that the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment not to require forensic psychiatric evaluations.

We next address whether the trial court adequately addressed the statutory factors in determining parental rights and responsibilities. Specifically, the petitioner argues that the trial court failed to consider: (1) the petitioner's "very strong allegations that [the respondent] was alienating [the child] from her," see RSA 461-A:6, I(e), (f), (g); (2) "evidence presented that [the respondent] had been abusive to" another child of the petitioner, see RSA 461-A:6, I(j); and (3) the respondent's "ability to provide [the child] with a safe environment," see RSA 461-A:6, I(b).

Despite the petitioner's allegations that the respondent was alienating the child from her, the trial court found, and the record supports, that the child's relationship with the petitioner "suffered as a result of [her] relentless negative behavior towards [the child's] father." The trial court's order specifically discussed the respondent's relationship with the other child, and its concern that the respondent "may not be able to provide a healthy environment for [the child]." Accordingly, the trial court made the respondent's primary residential responsibility contingent upon the respondent not physically disciplining the child and complying with the recommendations of his medical provider. Furthermore, the trial court required the respondent to authorize his medical provider to notify the petitioner in the event the respondent failed to comply with these conditions.

The petitioner argues that "[t]he court further made no findings as to how awarding primary residential responsibilities to [the respondent], absent consideration of psychiatric evaluations . . . promoted the best interests of [the child]." However, the trial court's order explained its concern about the impact of the petitioner's behavior on the child's best interest and mandated a plan "intended to provide [the child] with access to the best from both parents as well as oversight by" the petitioner. Accordingly, we conclude that the trial court did not fail to apply the RSA 461-A:6, I, factors identified by the petitioner.

We next address the trial court's denial of the petitioner's request to introduce evidence regarding the respondent's alleged dissipation of more than $200,000 in marital assets. In divorce cases, the trial court has broad discretion over the admission of evidence and is not bound by the rules of evidence. In the Matter of Thayer & Thayer, 146 N.H. 342, 345 (2001). The petitioner states that "[s]he attempted to introduce copies of the parties' joint marital bank statements"

3

and to "question [the respondent] about the dissipation of these assets." The trial court sustained the respondent's objections because the petitioner had not raised the claim in her pretrial filings. See Fam. Div. R. 2.21 ("Following the pretrial conference, the court shall not accept modifications to documents presented at the pretrial conference unless the modified documents have been exchanged within a reasonable time before the final hearing. This rule shall be strictly enforced.").

The petitioner argues that the pretrial conference report included a reference to diminution of the marital estate as a factor that might justify an unequal property division. However, during the hearing the petitioner did not contest the trial court's statement that this referred to an issue regarding tax refunds, and not to the issue she was attempting to raise for the first time at trial. The petitioner argues that the parties' pretrial statements indicated that disputed issues included property division. However, we agree with the trial court that this did not adequately notify the trial court or the respondent that the petitioner accused him of dissipating more than $200,000 in marital assets. The petitioner argues that the respondent had failed to provide her with financial documents. However, she states that the records she sought to admit were from joint bank accounts. Therefore, she and the respondent had equal access to them. Accordingly, we conclude that the trial court sustainably exercised its discretion in denying her request to introduce this evidence.

We next address the petitioner's arguments under Family Division Rule 1.25-A. To the extent that the petitioner is arguing that the trial court erred by denying her motion to compel the respondent's compliance with Rule 1.25-A, we note that she did not file the motion until approximately two weeks after she completed presenting her case to the trial court and only eleven days before the final day of the hearing. See Fam. Div. R. 1.26(E) (parties have ten days from filing to respond to motion). We agree with the trial court that the motion was not timely filed and became moot.

To the extent that the petitioner argues that the trial court erred by not precluding the respondent from testifying regarding his financial condition as a sanction for his failure to comply with Rule 1.25-A, we conclude that this argument is not preserved. The petitioner did not contemporaneously object to the respondent's testimony. See In the Matter of Mannion & Mannion, 155 N.H. 52, 54 (2007) (stating generally contemporaneous and specific objection required to preserve issue for appellate review). The petitioner argues that "[a] contemporaneous objection was not required to preserve this issue as [she] had, at that time, a pending Motion to Order Compliance with Rule 1.25-A and the matter was thus squarely before the trial court." However, the record that the petitioner has provided does not show that the motion requested such a sanction. See id. (stating appealing party bears burden of demonstrating that it raised its issues before trial forum).

4

Even if this argument were preserved, we conclude that it lacks merit.  We review the imposition of discovery sanctions for an unsustainable exercise of discretion.  In the Matter of Jones and Jones, 146 N.H. 119, 121 (2001).  The trial court could have reasonably concluded that precluding the respondent from testifying was not a warranted sanction because the petitioner did not comply with Rule 1.25-A or because she stated in her pretrial statement that there were no unresolved discovery issues.

Finally, we address the petitioner's argument that "[i]n precluding [her] from presenting hearsay evidence while allowing both [the respondent] and the [GAL] to present such evidence, the trial court prejudiced [her]."  The petitioner does not identify any point at which she objected to the respondent or the GAL testifying to hearsay.  Therefore, we conclude that this issue is not preserved. See Mannion, 155 N.H. at 54.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

5