# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0140, <u>In the Matter of Christina Pangelinan and Jeffrey Nelson</u>, the court on February 4, 2020, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Jeffrey Nelson (father), appeals the order of the Circuit Court (<u>Cross</u>, R., approved by <u>Alfano</u>, J.), following a hearing, on cross-petitions to modify a parenting plan. <u>See</u> RSA 461-A:11, I(d) (2018) (court's authority to modify parental rights and responsibilities). He argues that the trial court erred in: (1) ordering joint decision-making responsibility for the child with the petitioner, Christina Pangelinan (mother); (2) not ordering "consequences" for the mother's uncooperative conduct; and (3) determining his income, and the mother's day care expenses, for the purpose of child support.

The father first argues that the trial court erred in ordering joint decision-making responsibility for the child, who is now four years old. In matters involving the parents' decision-making responsibility, the trial court is guided by the best interest of the child. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 589-90 (2011). Under RSA 461-A:5, there is a presumption that joint decision-making responsibility is in the best interest of the child unless there has been a finding of abuse. <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 55 (2007); RSA 461-A:5 (2018). We will not disturb the trial court's decision absent an unsustainable exercise of discretion. <u>Mannion</u>, 155 N.H. at 55. We review the record only to determine whether it contains an objective basis to sustain the trial court's decision. <u>Id</u>.

The June 20, 2017 final parenting order provided the parties with joint decision-making responsibility and substantially equal periods of residential responsibility for the child. On January 5, 2018, the father petitioned to modify the parenting plan, requesting sole-decision making responsibility and modification of child support. The mother cross-petitioned for sole decision-making responsibility and a modification of support based upon a substantial change in the father's financial circumstances. The guardian ad litem recommended co-parenting counseling and joint decision-making responsibility. Following a hearing, the court acknowledged that the mother's communications with the father have been "accusatory and insulting," and that

the situation "needs to change immediately." However, the court found that "the parties have been able to communicate relatively well about certain topics, such as [the child's] behavior, allergies and medications." The court denied both parties' motions for sole decision-making authority, ordered them to enroll in co-parenting counseling, and awarded guidelines-level support based upon the parties' current incomes.

As an initial matter, we address the father's argument that the trial court failed to apply the best interest standard. In its order, the court stated that, "after weighing the interests of the parties and especially [the child], the court finds that the statutory presumption under RSA 461-A:5—that parents should share decision-making authority—still applies." We note that the father did not argue in his motion for reconsideration that this language suggests that the court failed to apply the best interest standard. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (any issue that could not have been presented to trial court prior to its order must be presented in motion for reconsideration); Fam. Div. R. 1.26(F). Assuming, without deciding, that the issue is preserved, we note that the court's order concludes by stating that "the terms of the accompanying Parenting Plan," which includes the order on decision-making responsibilities, "are in [the child's] best interests." Accordingly, we do not construe the trial court's order as applying the wrong standard. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court).

We also reject the father's argument that this case is similar to In the Matter of Miller & Todd, 161 N.H. 630 (2011). In that case, the mother's conduct "significantly interfered with [the father's] visitation and deprived him of any relationship with his children for years." Miller, 161 N.H. at 642. In this case, by contrast, the court found that "[n]either party has repeatedly and intentionally interfered with the other's residential responsibilities," and that the child is "very closely bonded with both parents." Furthermore, in Miller, the court found "no indication in the record" that the mother's conduct would cease, see id. at 643, whereas in this case, the record shows that the mother is engaged in counseling, and that she has "high hopes and a lot of positive feelings for us doing . . . co[-]parenting counseling." Because there is evidence in the record to support the trial court's order for joint decision-making responsibility, we cannot say that its decision constitutes an unsustainable exercise of its discretion. See Mannion, 155 N.H. at 55.

The father argues that the court erred by not ordering "consequences" for the mother's uncooperative conduct, despite having previously admonished her not to engage in this type of behavior. In determining parental rights and responsibilities, the trial court is primarily concerned with the child's best interest, not with punishing a parent for uncooperative behavior. See Webb v. Knudson, 133 N.H. 665, 672-73 (1990). The trial court ordered the parties not to communicate harshly with each other and notified them that failure to

comply with its order may be grounds for modifying the parenting plan. The court further warned the mother that "she must learn a new way to communicate with father or she risks losing her decision-making authority." We conclude that the record supports the court's decision. See Mannion, 155 N.H. at 55.

Finally, the father argues that the trial court's child support order is based upon an incorrect determination of his present income. In calculating child support, the trial court must first determine each parent's present income. In the Matter of Crowe & Crowe, 148 N.H. 218, 222 (2002); see also RSA 458-C:3, II (2018). The court makes the final decision as to what income figures should be used in the calculation based upon the facts presented at the hearing. Crowe, 148 N.H. at 222. We will uphold the trial court's child support decision unless it is unsupported by the evidence or erroneous as a matter of law. In the Matter of Hampers & Hampers, 154 N.H. 275, 283 (2006).

The record shows that, shortly after the December 14, 2018 hearing, the mother submitted an updated child support guidelines worksheet based upon the father's most recent paystub, for the period ending December 1, 2018. Nothing in the record shows that the father objected to the statement of his income in the mother's updated worksheet. Nor did the father argue in his motion for reconsideration that the court miscalculated his income. See Butland, 147 N.H. at 679; Fam. Div. R. 1.26(F). Assuming, without deciding, that the issue is preserved, we note that the father has not provided us with copies of his paystubs, his child support worksheet, or any basis, other than his financial affidavit submitted at the hearing, upon which to conclude that the trial court erred in determining his income. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004) (appellant bears burden to provide sufficient record); see also Sup. Ct. R. 13.

The father also argues that the court's child support order is based upon an erroneous finding that the mother pays $410 per month in daycare. The mother testified that, as a result of State assistance, she pays $410 per month out of pocket for daycare. We conclude that the court's child support order is supported by the record and does not constitute an unsustainable exercise of discretion. See Crowe, 148 N.H. at 223.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3