# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0597, <u>H.T. v. D.M.</u>, the court on June 20, 2022, issued the following order:**

Having considered the brief, memorandum of law, reply brief, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, D.M., appeals an order of the Circuit Court (<u>Tenney</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, H.T. <u>See</u> RSA 173-B:5 (Supp. 2021). We construe his brief to argue that the trial court erred by finding that he engaged in "abuse," asserting that his conduct was, as a matter of law, justified under RSA chapter 627 (2016 & Supp. 2021). We affirm.

To obtain relief under RSA chapter 173-B, the plaintiff must show "abuse" by a preponderance of the evidence. <u>See</u> RSA 173-B:5, I (2014); <u>Achille v. Achille</u>, 167 N.H. 706, 716 (2015). "Abuse" means the commission or attempted commission of one or more of several criminal acts, including assault or reckless conduct, constituting a credible present threat to the plaintiff's safety. <u>See</u> RSA 173-B:1 (Supp. 2021).

The plaintiff testified that the defendant "took [her] right arm over [her] head and pushed and threw [her] onto the floor onto [the] carpet." She testified that the incident left her with "markings on the upper right portion of [her] right thigh," a "two by six inch rug burn and bruise," an "abrasion on [her] right knee," and a "nail mark and small bruise" on the "interior side of [her] left wrist." The trial court found that the defendant assaulted the plaintiff, or committed reckless conduct, <u>see</u> RSA 631:1 (Supp. 2021) to RSA 631:3 (Supp. 2021), when he "grabbed the plaintiff and forced her onto the floor causing minor injuries." The defendant does not dispute these findings. Instead, based upon the plaintiff's admission that she "grabbed his phone from him," the defendant argues that she initiated the confrontation, and that his conduct constituted justifiable self-defense under RSA 627:4 (2016) or defense of property under RSA 627:8 (2016).

It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The purpose of this preservation requirement is to afford the trial court an opportunity to correct an error it may have made. <u>In the Matter of Mannion & Mannion</u>, 155 N.H. 52, 54 (2007). As the plaintiff notes in her memorandum of law, the defendant, in the trial court, did not refer to RSA 627:4 or RSA 627:8, or argue that his conduct was legally justified under these

statutes. We conclude, therefore, that the issue is not preserved, and we will not consider it. See Bean, 151 N.H. at 250. We note that, even if the defendant had preserved this issue for review, the evidence would not compel a finding that his conduct was justified.

In his reply brief, the defendant argues that his conduct did not constitute a present credible threat to the plaintiff's safety. We do not consider issues raised for the first time in a reply brief. See Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2