# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0521, In the Matter of David Campbell and Robin Partello, the court on April 4, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(3). The petitioner, David Campbell (Father), appeals an order from the Circuit Court (Curran, J.) that established a parenting plan between himself and the respondent, Robin Partello (Mother). Mother cross-appeals. We affirm in part, reverse in part, and remand.

The trial court found the following facts, or they are supported by the record. Mother and Father have one son together. In 2018, Father initiated this action and asked the trial court to implement a temporary parenting schedule. The trial court issued a temporary parenting plan to govern the parties' parenting responsibilities during the pendency of the action. After the final hearing, the trial court issued a final parenting plan governing Father's and Mother's parenting responsibilities.

In its final order, the trial court explained that it had reviewed the proposed findings of facts and rulings of law and the proposed parenting plans of both of the parties. The court concluded that a parenting plan more similar to Mother's proposed plan was in the best interests of the child because it involved less change from the temporary parenting plan than Father's proposal, and because it would cause less confusion and contact between Mother and Father. The final parenting plan allocated approximately eight days out of every two-week period to Mother and the remaining time to Father. The trial court further ordered that nonemergency medical decisions be delegated to the child's pediatrician "in the first instance." Each party filed a motion to reconsider. The trial court granted the motions in part and denied them in part. This appeal followed.

The trial court has broad discretion in matters involving parental rights and responsibilities, and we will not overturn its determination except when there has been an unsustainable exercise of discretion. See In the Matter of Morris & Morris, 174 N.H. 562, 565 (2021). We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. In the Matter of Routhier & Routhier, 175

N.H. 6, 18 (2022). The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses. Id. We apply a de novo standard of review to the trial court's application of the law to the facts. Morris, 174 N.H. at 565.

Father argues, citing In the Matter of Miller & Todd, 161 N.H. 630 (2011), that the trial court erred when it issued its parenting plan because it failed to cite or discuss the factors set forth in RSA 461-A:6, I (Supp. 2024) in its order. Mother contends that this argument is not preserved for appellate review. Father counters that his submission of proposed findings and rulings to the trial court preserved this argument for appeal. We agree with Mother. The mere submission of proposed findings and rulings that reference some of the RSA 461-A:6, I, factors, but which never raised this argument, is insufficient to preserve this argument for appeal. In addition, after the trial court issued its order and the parenting plan, Father failed to raise this argument in his motion to reconsider. See McDonough v. McDonough, 169 N.H. 537, 545 (2016) ("The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy [the] preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration."). Accordingly, we conclude that Father's argument is not preserved.

Father next argues that the court erred because it failed to include sufficient detail in its parenting plan, and because it failed to impose deadlines and consequences should either party fail to comply with the terms of the parenting plan. We are not persuaded that the trial court erred. RSA 461-A:4 and :6 specify provisions, information, and findings that the parenting plan "may" and "shall" include depending on the circumstances. See RSA 461-A:4, :6 (2018 & Supp. 2024). The parenting plan here specifies the periods when each parent has residential responsibility for the child, schedules non-residential parenting times, and specifies the legal residences of the parents. These terms satisfy the statutory requirements. See RSA 461-A:4, :6 (requiring parenting plan to include legal residences of parents when there is joint decision-making authority and a detailed parenting schedule which specifies when each parent has residential responsibility and non-residential parenting times). Father has failed to identify any detail, deadline, or consequence that the trial court omitted which is mandated by the statute.

Finally, Father argues that the trial court erred when it awarded greater than equal parenting time to Mother. He argues that there is not an objective basis in the record to support that award as being in the child's best interests. We first observe that the court is not required to award equal parenting time. See RSA 461-A:6, I-a (Supp. 2024) (amended 2024) ("If the court concludes that frequent and continuing contact between each child and both parents is not in the best interest of the child, the court shall make findings supporting

its order."). Instead, when fashioning a parenting plan, the court must "consider only the best interests of the child as provided under RSA 461-A:6 and the safety of the parties." RSA 461-A:4, I. When determining the best interests of the child, the court may consider any factor that it deems relevant. See RSA 461-A:6, I(m).

Here, the court concluded that less change for the child and parties was in the child's best interests. Accordingly, the court adopted a plan similar to Mother's proposed plan because it involved minimal change from the temporary order. The court also found that Mother's plan reduced the risk of confusion, involved fewer exchanges between the parties, and required less interaction between the parties than Father's proposed plan. These findings are consistent with the best interests of the child.

Father further argues that there is insufficient evidence that Mother can communicate and cooperate with Father for the child's best interests, and that the trial court erred when it failed to apply the factors set forth in RSA 461-A:6, I(e)-(g), (i) (requiring court to consider ability of each parent to foster a positive relationship and communicate with the other parent, and to support the child's relationship and contact with the other parent). Father asserts that the effect of the trial court's order is to reward Mother for her past misconduct. We disagree.

Although the trial court found that "neither party has purely clean hands relative to the conduct and communications," and that both parties had shown an "inability to cooperate and tolerate one another for their son's best interests," the court noted that the parties' recent communications had been "more placid." These findings align with the factors set forth in RSA 461-A:6, I(e)-(g), (i). Nor are we persuaded that the trial court failed to consider the parties' acrimonious history, or that Mother benefitted from her prior misbehavior. Specifically, the order states that: "[H]ad [Mother] continued down the path she trod in 2018-2020, the result of today's orders may likely have been very different." Accordingly, based upon our review of the trial court's order and the record, we conclude that the trial court considered the factors set forth in RSA 461-A:6, I, and that there is an objective basis in the record sufficient to support its ruling. See Routhier, 175 N.H. at 18. Accordingly, Father has failed to demonstrate legal error or an unsustainable exercise of discretion.

Turning to Mother's cross-appeal, Mother argues that the trial court erred in delegating decision-making authority for nonemergency medical decisions, in the first instance, to their son's pediatrician. Father counters that the order does not delegate decision-making authority to the child's pediatrician but, rather, orders the parties to "consult" with the pediatrician "for a recommendation," after which the parties may go to the court for

3

resolution if they cannot agree.  Father also argues that the trial court's delegation of authority was not error.  We agree with Mother.

We review a trial court's award of decision-making responsibility under our unsustainable exercise of discretion standard.  See In the Matter of Mannion & Mannion, 155 N.H. 52, 53, 55-56 (2007) (reviewing trial court's allocation of decision-making responsibility between parents and finding no unsustainable exercise of discretion).  We review the trial court's application of the law to the facts de novo.  See Morris, 174 N.H. at 565.  The interpretation of a trial court order is a question of law, which we review de novo.  See In the Matter of Kurowski & Kurowski, 161 N.H. 578, 588 (2011).

The parenting plan provides that "nonemergency medical decisions (e.g. vaccines) are deferred to [the child's] pediatrician in the first instance."  Further, in its order denying the parties' cross-motions to reconsider, the court affirmed "the format previously set" and explained that its intention was for the court to "not be involved" in medical decisions.  The court explained that its intent was for the child's pediatrician to be the decision-maker for certain medical decisions when the parties cannot agree because "a return to court would not suffice" in some circumstances.  Accordingly, we conclude that the parenting plan delegates medical decision-making authority to the child's pediatrician when the parties are unable to agree on such matters.

Under RSA 461-A:5 and :6, the trial court is granted authority to allocate decision-making authority between the child's parents.  See RSA 461-A:5-:6 (2018 & Supp. 2024).  However, these statutes do not authorize the trial court to delegate decision-making authority for medical decisions to the child's pediatrician.  See id.; cf. In the Matter of Bordalo & Carter, 164 N.H. 310, 314, 317 (2012) (concluding court had no discretion to award parental responsibilities, including residential and decision-making responsibilities, to child's grandparents against a fit natural or adoptive parent without satisfying certain constitutional requirements).  Accordingly, we conclude that the trial court erred, and we reverse that provision of the parenting plan.

Mother also argues that the trial court erred when it (1) failed to grant her repeated requests to dismiss the GAL for alleged conflicts of interest, (2) required her to undergo a psychological evaluation and denied her request for a similar evaluation of Father, (3) denied her request for a stalking order against Father, and (4) granted Father's request for an additional vacation with his son at Lake Sunapee.  Mother's brief did not include a request for relief for any of these issues.  See Sup. Ct. R. 16(3)(g) (requiring appellate brief's conclusion to "specify[] the relief sought by the party").  Mother's counsel affirmed at oral argument that Mother is seeking no relief for these issues but nonetheless argued that we should provide guidance to trial courts on these questions.  We decline to do so.

4

In sum, we reverse the trial court's order to the extent that it delegates decision-making authority to the parties' pediatrician for medical decisions. We affirm on all other grounds. To the extent that the parties raised additional arguments, they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed in part; reversed in part; and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

**Timothy A. Gudas,
Clerk**